JUDGE PRYOR
delivered the opinion op the court.
Morris, Southwick & Co., Long, Le Morrill, and the appellant Hall purchased undivided interests in a tract of land adjacent to the city of Louisville, containing one hundred and seventy-six acres. It was purchased for the purpose of laying it off into lots, and selling them on speculation. Each of the parties sold parts of their undivided interests to third parties, and executed deeds or gave a bond for title, placing their vendees in possession.
After the sales had been made, all the parties in interest had the land partitioned, and a map made evidencing the *324 division, and upon which lots were numbered and bounded and streets dedicated to the public use, as well as to the use of those who had purchased the property. Deeds of partition were made, and the common interests severed.
Before partition was had Hall sold to Morris, Southwiek & Co. his.undivided interest, as well as the interest of Long, in the tract of land, making to his vendees a deed, in which a ■lien is retained for the purchase money, so at the time the division was made he owned no part of the land in controversy. His vendees had the title, the actual possession, and the right of possession.
Morris, Southwiek & Co. failing to discharge the lien notes, Hall instituted the present action in equity to enforce his lien, and claims that he has the right to sell the undivided interest of Morris, Southwiek & Co. in the land, and can not be compelled to look to that part of the land allotted to his vendees in the division; that he was no party to that proceeding, and therefore is not bound by it.
There is some proof conducing to show that Hall (the appellant) consented to the division of the land; but if this fact is not sufficiently established, it clearly appears that when the lien was sought to be enforced the appellant had parted with the title and the possession, and placed his vendee in a position where the latter had the right to demand a partition and to sever the tenancy. The co-tenants had the right, as against Hall previous to his sale to Morris, Southwiek & Co., to have partition, and when Hall conveyed his interest they could assert the same right against his grantee. It must be conceded that the co-tenants of Hall could have forced him to accept his share in severalty; and the tenancy being severed, each party would hold the title and possession to a particular part of the land; and if Hall or his vendee could have been required to take the title and possession of a part of the land and hold in severalty, we see no reason why Hall can *325 not be required to look to this interest, when severed, for the satisfaction of his lien. To decide otherwise would be to adjudge that if he still owned the land in common with his co-tenants, he could not prevent partition; but by selling and conveying his interest, and retaining a lien, he could prevent it. The right to a division was one of the incidents to the tenancy, and when Hall passed the title and possession to his vendees the right to demand partition went with it, and Hall was in no sense the owner of the land.
In Jackson v. Pearce (10 Johnson) it is said: “ That when the share of the mortgagee is allotted in severalty the mortgage will be considered as attached to the part so assigned as the share of the mortgagee, and will cover his whole interest therein.”
In Longwell v. Bently: “The vendee, who has neither the-possession nor the right of possession, can not be said to hold together with his tenants in common. It would be impossible for him to make partition in such a case. The vendor who invested the vendee with the actual possession and with the incidents of ownership is bound by the proceedings.” (Barrington v. Clark, 2 Penn. St. 124; 7 Penn. St. 238; Williard v. Williard, 56 Pa. St.)
It also appears in this case that the division was fair and equitable; that various sales have been made under it; and that none of the owners of the land are complaining.
We see no reason for disturbing the partition, and must affirm the judgment of the court below.