## PUUHEANA (w) *vs.* LIO (k) *et al.*

### APPEAL FROM DECISION OF THE CHANCELLOR.

### JULY TERM, 1884.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

Plaintiff alleges that by fraudulent representations she was induced to make a deed to different grantees from those she intended, and that the latter have since died; defendants demur, on the ground that the right of action lay in the parties who had been defrauded: Held that plaintiff is the proper person to bring the suit, as the representatives of the grantees whom the plaintiff intended could not compel execution of a deed.

An allegation that "plaintiff has cause to suspect and so charges," coupled with statements of alleged fraudulent transactions, is sufficient; evidence need not be pleaded.

Decision of the Chancellor, overruling demurrer, affirmed.

### OPINION BY McCULLY, J.

THE bill alleges that Puuheana intended to make a conveyance of certain estate to one Kapule and Kamakaluhi, but by fraud and misrepresentation and ignorance made the conveyance to Lio, the defendant, and Kamakaluhi, and prays that the deed may be cancelled.

The defendants demur on the ground (1) that the plaintiff is not the proper party to complain, as she had determined to alienate her land, and had done so, but that the right of action lay in the parties who had been defrauded in not receiving the conveyance alleged to have been intended. We take it that there is a difference between the fraudulent procurement of the execution of a particular deed, which is not the deed which the maker intended, and the procurement by fraudulent representations of something which the maker thereupon intends to execute. See Bispham's Equity, Sec. 202 ; Kerr's Fraud, p. 50. The former is held to be not voidable but void.

This is a reasonable doctrine. There may be many considerations inducing a sale besides the amount of money received. In the deed before us a money consideration is expressed. It is alleged that the grantees really intended were severally nephew and adopted daughter of the grantor. It is not necessary that the Court should make the inference that this was a deed of gift in order to hold that if there was a fraudulent substitution of a grantee, the grantor has the right to demand that the conveyance be cancelled. It is sufficient if it appear that the grantor was fraudulently made to sign a paper different from what she supposed she was signing. She should be allowed to show in Court the unexpressed considerations moving her to the sale.

The grantees whom the plaintiff intended are alleged to be dead. We do not think that their heirs or representatives could bring a bill to compel execution of a deed of gift or for a consideration, there being no written agreement to make such conveyance. If they cannot, then, be parties, the alleged fraudulent grantee and his assigns would be left in the enjoyment of the fruits of the fraud, unless the plaintiff, who was made the subject of the fraud, may be heard in Court.

The second matter raised by the demurrer is the insufficiency of allegations of fraud, of notice, etc. The bill sets forth that plaintiff has just reason to suspect, and does verily believe, and so charges a conspiracy, etc., after detailing transactions which it is alleged were fraudulently conducted. It is not a mere naked statement of suspicion. Thus, where the plaintiff alleges that she intended to make a grant to certain persons, details the story of

making, executing and acknowledging a deed which now appears to be a different one, she makes allegations which are sufficient foundation for the introduction of testimony.   The allegation that the plaintiff has just reason to suspect, and so does verily believe and charge, that a certain defendant is not a *bona fide* purchaser, is the statement of what must be the result and effect of certain evidence to be produced.   No one claims that this evidence should be pleaded.

In like manner it charges that sundry of the defendants had cause to suspect and were put on their inquiry as to the fraudulent character of Lio's deed before accepting their conveyances from him.   This appears to us to be a sufficient ground for the introduction of evidence which may substantiate the allegation, and that the allegation could not go farther without setting out the evidence.

We are of the opinion that the demurrer was properly overruled.

*M. Thompson*, for plaintiff.

*A. S. Hartwell*, for defendant.

Honolulu, September 11, 1884.

APPEAL FROM DECISION OF THE CHANCELLOR.

