# THE HAWAIIAN COMMERCIAL AND SUGAR COMPANY *vs.* THE WAIKAPU SUGAR COMPANY.

### APPEAL FROM JUDD, C. J.

HEARING, MARCH 20, 1894.          DECISION, JULY 12, 1894.

JUDD, C.J., BICKERTON J., AND CIRCUIT JUDGE WHITING, SITTING IN PLACE OF MR. JUSTICE FREAR, DISQUALIFIED.

The report of commissioners for the partition of lands is in the nature of a verdict of a jury or a decision of a Judge without a jury, and should not be set aside as against the evidence, unless the evidence clearly shows error in fact, and that the commissioners did not follow the evidence produced before them.

Partition is not a statutory proceeding and a Court of Equity has jurisdiction, and the equitable rights and principles governing partition apply.

The lay of the land, contiguity, value, location and availability and occupation are among the equities applicable to partition.

### OPINION OF THE COURT, BY WHITING, JUDGE.

An order was made for the appointment of commissioners for the partition of certain lands known as the Waikapu Commons and a portion of Pulehunui on the island of Maui, and it was ordered and decreed that partition be made of the lands, premises and hereditaments described and set forth in plaintiff's bill of complaint and that three commissioners be appointed for the purpose of making such partition, who were directed to make such partition as shall be just and equitable in the premises, and, to that end, to divide said lands and premises into two equal half parts, quantity and quality relatively considered, and that they allot to the plaintiff, the Hawaiian Commercial and Sugar Company, one of the said equal half parts, and to the defendant, the Wai-

kapu Sugar Company, one of the said equal half parts, to be held and enjoyed by the said parties in severalty.

And that the said commissioners shall designate the parts or portions so allotted to each of the said parties, and the boundaries thereof, by sufficient description and monument.

And it was further ordered that the said commissioners do make full and ample report to this Court of their proceedings in this behalf, under their hands, or under the hands of any two of them, specifying the manner in which they shall have executed this order, and describing the lands divided and the parts or shares allotted to each party, with the quantity, courses and distances of each share, and description of the parts, stones and other monuments thereof, and the items of their charges and expenses.

And it was further ordered that the parties hereto be and they are hereby required to produce to and leave with the said commissioners, for such time as the commissioners shall deem reasonable, all deeds, writings, surveys and maps relating to the said premises or any part thereof.

And it was further ordered that in case partition of said premises cannot be made with perfect equality between the said parties, according to their respective rights and interests therein unless compensation be made to one of said parties by the other of them for equality of partition, that then, and in that case, the said commissioners ascertain and report the proper compensation which ought to be made for equality of partition, and by which of the said parties the same should be paid, and to which the same ought to be allowed.

The commissioners were appointed and duly reported, as follows:

"Immediately on being appointed, your commissioners, in company with counsel for both sides, visited Maui and examined the land in question. We find that owing to the natural lay of the land the Hawaiian Commercial & Sugar Co. have occupied the eastern or Haleakala side of the commons, while the Waikapu Sugar Co. have occupied the western or Waikapu side. The Hawaiian Commercial and Sugar Co.

have cultivated and planted in sugar cane a considerable portion of the available sugar land on the side occupied by them, as well as having fenced and generally improved the same. The Waikapu Sugar Co. have fenced and planted in sugar cane on their side about 100 acres, the balance of the land being used for pasture, with the exception of about 100 acres near Maalaea which has been fenced and planted with algaroba trees by the Waikapu Sugar Co. We have, after carefully examining into the natural conditions and interests, and taking into consideration the improvements of each of the parties, and having taken the evidence of Messrs. H. Center and W. H. Cornwell, arrived at the conclusion that the only equitable partition would be from north to south, that is dividing the commons into an easterly and westerly portion similar to the present occupation, and in conformity with this view we have determined on the following division:" —Here follows description by metes and bounds—" giving to the eastern section, which we award to the Hawaiian Commercial and Sugar Co. an area of 5470 acres, and to the western section, which we award to the Waikapu Sugar Co. an area of 6810 acres below the foot hills, with the addition of the Waikapu mountain lands, amounting to about 2730 acres above the line of the foot hills.

" On the eastern section awarded to the Hawaiian Commercial and Sugar Co. we estimate an area of 2770 acres, more or less, of cane land of varying quality, situated mostly at the northern and western portions, with a small portion at the south-western quarter. Of the 2700 acres more or less of poor rocky and a large portion is located along the south and south-eastern part of this tract.

" On the western or Waikapu section we subdivide the 6810 acres about as follows : In the south and west portions 2335 acres, and in the south-east portion about 510 acres, a total of 2845 acres of cane land of varying quality. The northern part of 1735 acres is almost entirely worthless as cane land, also 540 acres close to the foot hills, being about half of the tract between the road and the hills, also about

880 acres along the central portion of the Waikapu section, and 810 acres more or less along the shores of Maalaea Bay including Kealia pond and adjacent land, a total of 3965 acres of poor land.

" The mountain land contains approximately 2730 acres above the line of the foot hills, and is practically of no value, except as pasturage at certain times of the year.

The Hawaiian Commercial and Sugar Co. are to be allowed to mature and take off without let or hindrance the cane now planted by them on the land which by this partition falls to the Waikapu Sugar Co. and situated as follows : A small area at the north-eastern corner, and also a 25-acre patch near the central portion."

The defendants excepted to the commissioner's report as follows :

"And now comes the said G. W. Macfarlane on behalf of the defendant and excepts to the partition recommended by the commissioners in their report herein filed on the grounds that and in that such partition of the common property would not be either just or equitable, but would be unequal and unfair, inasmuch as it would fail to set apart to the defendant a just, fair and equal portion of the common property, and that the portion proposed to be set apart to the defendant is not equally advantageous for cane cultivation by the defendant or for renting to others for such cultivation, and that it is vastly inferior in actual value to the portion proposed to be set apart to the plaintiff. Wherefore the defendant asks that the said report may be altogether set aside or modified in accordance with the above exceptions."

At the hearing on the confirmation of this report, oral testimony and affidavits were presented to the Chief Justice who rendered the following decision :

" The report of the three commissioners appointed to partition the land owned as tenants in common between them in equal shares was filed on the 5th December last. . Exception to it was taken by the respondent. The report shows that the commissioners carefully considered the whole matter,

visited the estate to be divided and arrived at conclusions that seemed to them to be just and equitable to both parties. Both parties presented evidence before me in the shape of oral testimony and written affidavits. Without reviewing the report or the evidence submitted in detail I am of opinion that the exception to the report is not sustained and that the report should be approved and that the partition therein advised should be made. Decree accordingly."

Upon which a decree was signed as follows:

"The report of the commissioners appointed to make partition having come before the Court on a motion to confirm the same, and counsel for complainant and respondent having been heard, and the Court being of opinion that the exceptions filed by respondent should be overruled and the report confirmed: It is ordered, adjudged and decreed that the said report of the commissioners appointed herein to make partition be and is hereby confirmed, and that the fees of said commissioners taxed at one hundred dollars each and expenses of all the commissioners amounting to $154.25, be borne by the parties equally; and that the parties make conveyances to each in accordance with said report."

And thereupon defendant filed its notice of appeal as follows:

"And now comes George W. Macfarlane on behalf of the defendant in the above entitled suit, and appeals to the Supreme Court in Banco from the decision and order of His Honor the Chief Justice and Chancellor herein filed January 4, 1894, wherein and whereby the report and findings of the commissioners appointed to make partition of the property owned in common by the parties hereto was and is confirmed, and the exceptions thereto overruled."

The exception to the commissioners' report is based (1) upon the evidence before the Court, and also upon affidavits and evidence produced before the Chief Justice at the hearing, and (2), upon points of law to the effect that the commissioners have adopted incorrect and false principles in making the partition.

The evidence presented before the commissioners is not before us, and we are of opinion that the matters set forth in the affidavits do not warrant the setting aside of the commissioners' report, which is in the nature of a verdict of a jury or a decision of a Judge without jury, and should not be set aside unless the evidence clearly shows error in fact, and that the commissioners did not follow the evidence produced before them. The affidavits cannot be considered as newly discovered evidence in this case. The parties could have produced such before the commissioners. Further the statements of the affiants on part of the defendant do not clearly show upon what they base their facts and opinion, and are not of weight sufficient to set aside the report.

The respondent claims that this is a statutory proceeding and not equity, and cites cases in Massachussetts.

*Marshall vs. Crehore*, 13 Met., 468, where the court held :

That the statutes of Massachusetts took away the equity power and rules governing partition and created an action at law by petition which not only partitioned the land, but also put in issue the title of claimants, and the court says that the consequences of the statute omitting the allowance of improvements to one tenant in common who made them was inequitable, yet it was for the legislature, if they judged it expedient, to extend the law of improvements to cases of partition. Partition in Massachusetts is purely a statutory proceeding and not equity.

In *Husband vs. Aldrich*, 135 Mass., 317, the court expressly decided that in Massachusetts, courts of equity have no jurisdiction in matters of partition; the statute of partition in that State excludes that jurisdiction, and the court of equity does not even have concurrent jurisdiction therein with courts of law. The case of *White vs. Moses*, 21 Cal., 34, does not apply to the claims of respondent. It was a case in ejectment and the court simply ruled that defendants were not entitled to have the value of the improvements put upon the premises by them deducted from the damages, because it

does not appear that they hold " under color of title adversely to the claims of the plaintiff in good faith."

*Green vs. Buddle,* 8 Wheat , 1.   A case of ejectment is a statutory proceeding and does not involve partition or any equities of partition, and we fail to see its bearing.

*Dothaze vs. Stuart,* 35 Miss., 251, is a case under the statutes of Missouri which gives to the defendant in the ejectment the right to recover the value of improvements made by him in good faith before notice of the defect of title.

However, this Supreme Court of Hawaii has heretofore in this cause of partition decided that the rules and principles of equity govern and are applicable to causes of partition.

There is no lack of authority for the proposition that in cases of partition a court of equity, proceeding upon the ground of its general equity jurisdiction, administers its relief *ex aequo et bono,* and by its decree adjusts the equitable rights of all the parties.   (1 Story, Eq. Jur. Sec. 656*b.*)   For example, where one joint owner has put improvements on the property, either the part so improved will be assigned to him at the value of the land without the improvements or compensation will be adjudged to him.   *(Hall vs. Piddock,* 21 N. J. Eq. 311.)   Again, such part of the land as may be more advantageous to one of the parties on account of its proximity to his other land or for any other reason, will be allotted to him if it can be done.   The equitable principles apply and have a controlling effect unless there is a positive statute rule to which the Court must conform.

*Cochran vs. Shoenberger,* 33 Fed. Rep. 397.

We find no error in the commissioners taking into consideration the natural lay of the land and the occupation of parts by the parties.   Location and availability are equitable grounds for setting apart a certain portion to a particular party.   The commissioners found that it was mutually advantageous to plaintiff and defendant that each should be awarded a portion contiguous to its own plantation.   A consideration of the lay of the land was not improper so far as it took into consideration the fact of adjoining ownership.   It

was competent for the commissioners, having divided the land into two equal portions, to consider this fact of adjoining ownership in determining which portion should be given to the plaintiff and which to the defendant. "Equal half parts" does not in such case mean equal acreage acre for acre, but it includes value, location, availability and contiguity.

The commissioners have made a fair and just partition, and it is sustained, and the exceptions are overruled, the decree affirmed, and the cause is remanded to the Chief Justice to complete the partition.

*F. M. Hatch,* for petitioners.

*A. S. Hartwell* and *C. W. Ashford,* for respondents.