Brown v. Cornwell, 20 Haw. 457.

MAY K. BROWN, AND ARTHUR M. BROWN, HER HUSBAND, BLANCHE WALKER, AND JOHN S. WALKER, HER HUSBAND, v. JOSEPHINE L. CORNWELL, NELSON K. SNIFFEN, AND MAKA-KOA SNIFFEN, HIS WIFE, HENRY C. HAPAI, AND ALICE HAPAI, HIS WIFE, GEORGE W. A. HAPAI, JR., BIRDIE DE BOLT, AND J. T. DE BOLT, HER HUSBAND, J. P. COCKETT, AND MARY COCKETT, HIS WIFE, LOUISA COPP, AND GEORGE COPP, HER HUSBAND, JOHN BAKER, AND JANE BAKER, HIS WIFE, KATE CORN-WELL, AND HENRY WATERHOUSE TRUST CO.

APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

ARGUED APRIL 4, 1911.                    DECIDED APRIL 17, 1911.

ROBERTSON, C.J., PERRY, J., AND CIRCUIT JUDGE WHITNEY IN PLACE OF DE BOLT, J.

PARTITION—sale—mortgage.

Upon a sale of land in a suit for partition between tenants in common, where some of the moieties are subject to a mortgage, the mortgagee having been made a party to the suit, the land should be sold clear of the incumbrance, and the mortgagee's claim paid out of the shares of the proceeds belonging to the mortgagors.

SAME—proof of impracticability of partition—report of commissioner.

Where the allegation in a bill for partition that the premises cannot be partitioned without great prejudice has been traversed it must be proved, but the defendants cannot complain of a finding by the circuit judge, based upon and supported by the report of a commissioner, that the allegation has been proven, where the defendants were given an opportunity to adduce evidence on the subject but failed to.

PLEADING—ultimate facts.

An allegation in such a bill that a partition "cannot be made without great prejudice" is not objectionable as a mere conclusion. It is a proper statement of an ultimate fact.

SAME—prayer for partition.

Where, in a bill for partition, the prayer is for a sale of the land, and for general relief, a partition in kind may be decreed without a specific prayer therefor.

Brown v. Cornwell, 20 Haw. 457.

SAME—*bill in equity—signature of counsel.*

The failure of counsel to sign a bill in equity may be taken advantage of, if at all, by motion; it is not a subject for demurrer.

·OPINION OF THE COURT BY ROBERTSON, C.J.

In a bill for partition the plaintiffs alleged, in substance, that they and certain of the defendants, as tenants in common, owned certain lands situate in the District of Kula, Island and County of Maui; that the defendant Kate Cornwell held a mortgage upon one-half of the interest of the plaintiff May K. Brown; and that the defendant Henry Waterhouse Trust Company, Limited, held a mortgage on the interests of the plaintiffs May K. Brown and Blanche Walker, and the defendant Josephine L. Cornwell. The bill prayed that the exact shares, interests and claims of the parties might be determined; that a sale of the lands be ordered, and the proceeds of sale be divided according to the respective rights of the parties; and for general relief.

The appellants demurred to the bill on the grounds that it failed to state sufficient facts; and that it was uncertain and ambiguous in that it failed to show the nature of the title to or interests in the lands of either the plaintiffs or defendants. The bill was amended with respect to the statement of the respective interests of the parties in the lands.

The appellants, Henry C. Hapai, Alice Hapai and George W. A. Hapai, Jr., demurred to the amended bill on the grounds that it did not state a cause entitling plaintiffs to the relief prayed for; that it was ambiguous and uncertain in that it did not set forth "how or in what manner partition in kind cannot be made of said premises without great prejudice to the parties herein;" and that it was defective in that it was not signed by counsel. The demurrer was overruled, and the defendants, saving all rights of exception to the errors and insufficiencies of the amended bill, answered. Most of the other defendants also filed answers. Neither of the mortgagees, however, filed any

pleading. It subsequently appeared in evidence that the mortgage of Kate Cornwell was paid off.

The appellants, in their answer, denied that the premises were incapable of partition in kind without great prejudice to the parties, and denied that it was necessary or proper to sell the lands.

Upon a hearing being had the circuit judge made an interlocutory decree which determined the respective interests of the cotenants in the lands in question, also that plaintiffs were entitled to have the lands partitioned, and by which a commissioner was appointed to examine the lands and to report to the court whether they were capable of being partitioned in kind without great prejudice to the parties. The commissioner reported that the lands "can not be partitioned between the parties without depreciating the value of the land as a whole, and almost certainly creating injustice between the various owners; and that the interests of all the owners will be best conserved by selling the lands and dividing the proceeds," and gave at length his reasons for the conclusion. The appellants excepted to the report "on the ground that it appears by the report that there was no notice or hearing of any party to the controversy, or their attorneys, and second, that there was no opportunity at a hearing for defendants to indicate that they consent to a partition of their several shares in one undivided lot to be set off to them together." At the hearing on the exceptions the judge stated that the parties "are not bound by the report, nor are the hands of the court tied. * * * Judge Weaver has made two requests and he will be allowed to put in any evidence with regard to those requests * * * the question is whether the property shall be sold or divided." Later, counsel for appellants objected to the taking of testimony on the subject, though he cross-examined the witnesses who were called by plaintiffs.

The circuit judge held that the premises were not capable of being partitioned without great prejudice to the parties, and we hold that that finding was amply supported by the evidence.

A decree was entered ordering that the premises be sold in five separate parcels; appointing a commissioner to sell "the right, title and interest of each and all the parties hereto" in and to the lands, at auction, for cash, at twelve o'clock noon, on the 17th day of December 1910, after publishing notice of sale in the "Maui News," newspaper, once each week for four successive weeks; and directing that "the said commissioner shall pay the proceeds of sales into court and the same shall, after the payment of all costs of these proceedings and expenses of sale, including the fees of commissioners, be divided among the parties plaintiffs and defendants according to their respective interests as the same have been made to appear, provided that the shares of plaintiffs and of defendant Josephine L. Cornwell, shall be subject to said mortgage held by Henry Waterhouse Trust Company, Limited." At a subsequent hearing upon a motion of the appellants to have the sale postponed and re-advertised on the ground that the commissioner's notice of sale did not conform to this decree, which will be referred to presently, the circuit judge took the view that the clause referring to the mortgage contemplated that the sale of the premises was to be made subject to the mortgage. This view was, in our opinion, incorrect. At a glance it will be seen to be entirely inconsistent with that clause of the decree which directed the commissioner to sell all the right, title and interest of all the parties in the lands, which would have included the interest of the mortgagee.

The commissioner's notice of sale complied with the decree except that it omitted to state that all the interests of the respective parties would be sold, and that it contained this clause: "This sale is to be made subject to a mortgage of plaintiffs' interests held by Henry Waterhouse Trust Company, Limited, recorded in said Hawaiian Registry of Conveyances, in liber 309, page 273, said mortgage being dated August 1, 1908." On December 14th, the appellants, Henry C. Hapai and G. W. A. Hapai, filed a motion asking that the notice be quashed, and

that a supplementary decree be made postponing the sale, and directing that notice be given in conformity with the terms of the decree, and that the lands be sold free of any incumbrance by reason of the said mortgage. The motion was overruled. On December 17th, Henry Waterhouse Trust Company, Limited, as mortgagee of said interests, filed a notice in and by which it offered to release from its mortgage the said five pieces of land for five separate amounts which aggregated the sum of $6000. The commissioner reported the sale of the lands to one of the plaintiffs for sums aggregating a total of $18,765. In support of the report the affidavits of two persons who attended the sale were filed in which it was stated that the prices bid for the lands were "fair and not disproportionate to the values thereof." The appellants excepted to the report on the grounds that the notice of sale did not conform to the decree in the respect above mentioned; that the sale of the premises subject to the mortgage was unjust to the parties other than the mortgagors in that it gave the mortgagors an inequitable advantage over the others in bidding at the sale; that the parties who were the mortgagors, in the division of the proceeds in accordance with the decree, would receive more than their just shares; and that the notice that the lands would be sold subject to the mortgage rendered the value of the insterests sold uncertain and speculative, and chilled the bidding. In connection with these exceptions an affidavit of the defendant, Henry C. Hapai, was filed in which it was deposed that the appellants had been greatly damaged by the notice of sale, and by reason of the fact that the lands had been sold subject to the mortgage, and because the bidding was thereby chilled, and that the price bid at the sale was unreasonable and inadequate. The exceptions were overruled, and a final decree was entered by which the commissioner's return was approved; the sales were confirmed; and the net proceeds, after deducting the costs and expenses, were ordered to be distributed among the late cotenants according to their respective shares in the lands

No provision for the payment of the mortgage was made, in the decree. From this decree the defendants Henry C. Hapai, G. W. A. Hapai, Nelson Sniffen and Alice Hapai, brought their appeal to this court. ·

The appellants' chief complaint is aimed at the action of the court below wherein their contention, urged both before and after the sale, that the property should be sold clear of the mortgage, and that the mortgagee's claims should be satisfied out of the shares of the proceeds of the mortgagors, was over-ruled.

At the hearing upon the exceptions to the commissioner's re-port the judge assumed that the mortgage was not due and that, therefore, he was without power to order the land sold free of the incumbrance. The mortgage was not put in evidence and there was no testimony on the point as to whether or not it was due. We are of the opinion, however, that it was unimportant whether the mortgage had matured or not, for in either event the lands should have been sold clear of the incumbrance.

The authority of courts, in suits for partition, to order a sale of the land and divide the proceeds of sale among the cotenants rests entirely upon statute. Freeman, Partition, Sec. 479. Our statute (R. L. Sec. 1648) provides that, "when the partition of real estate cannot be made without great prejudice to the parties the judge may order a sale of the premises and divide the pro- · ceeds." Without such a statute, or even where such a statute exists, in case a partition in kind is decreed, the lien of a mort-gagee follows and attaches to that portion of the land which is set apart to his mortgagor. Freeman, Partition, Sec. 478. Where the statute, as here, authorizes the sale of premises sought to be partitioned, we think it follows, as a necessary con-sequence and without express provision, that the rights of a mortgagee must be relegated to the share of the mortgagor in the proceeds of sale, provided, of course, that the mortgagee has been made a party to the suit. We hold that to be the rule where, as in this case, the mortgage was executed by a portion

of the cotenants upon their respective moieties. What the rights of the mortgagee would have been had its mortgage covered the entire premises and had not become due it is not necessary to decide. A person who takes a mortgage on an undivided interest in land must be presumed to understand that the owner of the other interest has the right to, at any time, ask for a partition of the land, and that he accepts the mortgage subject to the contingency of that right being exercised. *Milligan v. Poole,* 35 Ind. 64; *Hall v. Morris,* 76 Ky. 322; *Wright v. Strother,* 76 Va. 857. No injustice is done to the mortgagee when, under such circumstances, a sale of the premises free of the incumbrance is ordered, and the mortgagee's claim is fastened upon his mortgagor's share of the proceeds.

In this case the mortgagee was not only made a party, but it made no objection to the order of sale. It was bound by the decree. *Thurston v. Minke,* 32 Md. 571, 574. Indeed, the mortgagee is not contending that it is not bound by the decree. It is not for the plaintiffs, therefore, to say that the mortgagee had the right to insist that the land could not have been sold except subject to its mortgage. To sell the property subject to the mortgage and divide the proceeds between the parties in shares corresponding to their respective interests in the land, was to compel those who were not parties to the mortgage to contribute to its payment. Assuming, for the purpose of illustration, that the lands in question are worth the amount bid for them plus the amount which the mortgagee offered to take in release of its mortgage, the value would be $24,765. Upon a sale in partition the several cotenants would naturally and justly expect to obtain in money an amount equal to the value of their respective interests in the land. But, according to the ruling of the circuit judge, these appellants must be contented to share in the division of $18,765, instead of $24,765, for the sole reason that some of their cotenants have seen fit to charge their interests with a $6000 mortgage. The statement of the proposition shows that it is absolutely untenable.

Furthermore, the commissioner's notice referred the public and possible bidders to the volume and page of the records where the record of the mortgage could be found. The testimony shows that reference to that record would have shown intending bidders the existence of an outstanding mortgage for $30,000, although the testimony in the case tends to show that the mortgage indebtedness had been reduced to the extent of at least $3000; and there had been no determination of what portion of the mortgage indebtedness was chargeable against these lands. The natural effect of the notice that the lands would be sold subject to the mortgage would have been to suppress competition and "chill" the bidding. From these facts it follows as an unavoidable conclusion that the proceedings were grossly irregular and unjust, and that the decree must be set aside.

The remaining points raised by the appellants will be noticed briefly.

The objections to the report of the first commissioner, and to the proceedings had thereon, were not well founded. The commissioner was not appointed to make partition of the lands. If he had been appointed for that purpose a hearing upon notice would have been necessary and the finding would have had the force of a verdict of a jury. *H. C. & S. Co. v. Waikapu S. Co.,* 9 Haw. 417; *Simpson v. Simpson,* 59 Mich. 71, 77. But this commissioner was authorized merely to examine the lands and to report to the court as to the practicability of a division in kind. His report was in the nature of an expert opinion, and merely advisory. It had no more force than the testimony of a witness. Not being controverted by other evidence, it furnished a sufficient basis for a finding by the court in accordance with the commissioner's conclusion. *Watke v. Stine,* 214 Ill. 563. That land sought to be partitioned cannot be divided in kind without great prejudice to the parties is a material allegation, and, unless admitted, must be proved. Upon that issue a defendant is entitled to adduce evidence. The defendants in this case were given an opportunity

to offer evidence on the point after the report of the commissioner came in. They have no cause for complaint in this connection.

The allegation in the bill that a partition "cannot be made without great prejudice," is not objectionable as being a statement of "a mere conclusion." True, it is a conclusion, but it is a conclusion of fact—an ultimate fact—and a traversable fact. In pleadings it is necessary to allege only ultimate, as distinguished from evidential, facts. *McAllister* v. *Kuhn,* 96 U. S. 87; *Accident Association* v. *Munson,* 73 Neb. 858; *Puuheana* v. *Lio,* 5 Haw. 202. This rule has been applied to bills for partition which contained allegations similar to that involved here. *DeUprey* v. *DeUprey,* 27 Cal. 330; *Hayes* v. *McReynolds,* 144 Mo. 348.

The objection to the form of the prayer of the bill is not sustained. It is usual, and good pleading, in a bill for partition to pray for a partition in kind, and, in the alternative, for a sale of the land if it cannot be divided without great prejudice to the parties. But where the allegations of the bill are sufficient, and are sustained by the proofs, a partition in kind may be had under the prayer for general relief. *Croston* v. *Male,* 56 W. Va. 205, 214.

One of the grounds of demurrer was that the bill was not signed by counsel. In many jurisdictions it has been held that the practice in equity requires that bills shall be signed by counsel, and some authorities hold that the lack of such signature is a proper subject for a demurrer. We believe, however, that the proper method of taking advantage of the point is by moving to take the bill from the files. It is a matter of practice rather than of pleading. *Gove vs. Pettis,* 4 Sandf. Ch. 403; *Bernier* v. *Bernier,* 72 Mich. 43.

The appellees contend that the appellant Sniffen is not in a position to maintain an appeal because he has given a creditor an order on the commissioner for a portion of the proceeds of sale which represents his share in the land. It does not appear,

however, that the order was accepted or that any money has been paid out pursuant to it. We think there is nothing in the point.

The decree appealed from is reversed, and the cause remanded to the circuit judge for further proceedings in conformity with this opinion.

*C. C. Bitting* and *J. L. Coke* (*Thompson, Clemons & Wilder* and *Douthitt & Coke* on the brief) for plaintiffs.

*P. L. Weaver* and *Eugene Murphy* (*L. Andrews* on the brief) for appellants.

*D. W. Burchard* for certain defendants.