TENAN TABA *v.* M. R. JARDIN, J. C. JERVES, FRANK MEDEIROS, COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF KAUAI MODERN BAKERY, AND LOUIS ROBELLO.

No. 1806.

ARGUED MAY 16, 1928.                    DECIDED MAY 22, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action for damages resulting to the plain-

tiff, the father, by reason of the death of a minor child, alleged to have been killed by the negligent operation of an automobile on a public highway. The jury returned a verdict in favor of the plaintiff. The case comes to this court upon six exceptions. Of these the second, third and fourth were expressly abandoned by the appellant at the oral argument. The first is to the overruling of a demurrer to the declaration; the fifth is to the denial of a motion in arrest of judgment; and the sixth is to the granting, after judgment, of leave to amend the declaration. All of these present but two substantial questions of law. One is whether the allegation of negligence set forth in the declaration is sufficient and the other is whether there is sufficient allegation that the driver of the automobile, at the time of the accident, was acting within the scope of his employment, so as to render his employers liable.

The allegation on the first subject is that the driver "did then and there drive said automobile or truck in such a careless, reckless and negligent manner and at such a high rate of speed, and without giving any warning or sounding any horn or gong, did drive into and strike the said Suke Taba" (the child) "with said automobile or truck while said Suke Taba was walking across the said road and highway at said Kalaheo". An allegation of negligence is an allegation of fact, not of law. "In pleadings, it is necessary to allege only ultimate, as distinguished from evidential, facts." *Brown v. Cornwell*, 20 Haw. 457, 465; *Hackfeld & Co., v. I.-I. S. N. Co.*, 22 Haw. 671, 672. See also *Puuheana v. Lio*, 5 Haw. 202, 204. A bare allegation of negligence is, it is true, a conclusion, but it is a conclusion of fact and not of law. It is an ultimate fact. In this jurisdiction the rule has been followed in practice, although perhaps not expressly stated in any former decisions of

this court, that a general allegation of negligence is sufficient and that the specific acts or omissions constituting the negligence need not be set forth in the pleading. The latter are merely the evidence constituting or showing the ultimate fact of negligence. "The rule is well-nigh universal that, in an action for negligence, the plaintiff need not set out in detail the specific acts constituting the negligence complained of, as this would be pleading the evidence. * * * Accordingly, a declaration specifying the act, the commission or omission of which caused the injury, and averring generally that it was negligently and carelessly done or omitted, will suffice." 14 Ency. Pl. & Pr. 333, 334. To the same effect is 29 Cyc. 570, 571. In the declaration under consideration the act causing the injury is set forth with particularity. It is that the driver "did drive into and strike" the child "with said automobile or truck" while the child "was walking across the said road and highway at said Kalaheo." The statement that the impact was caused by driving in a "careless, reckless and negligent manner and at a high rate of speed and without giving any warning or sounding any horn or gong" is a sufficient allegation of the negligence relied upon. To recite the particular acts, omissions and other circumstances indicating the reckless manner of driving or the high rate of speed was unnecessary and would be a mere pleading of evidence.

When the action was first brought, the driver, Louis Robello, and his three employers were all named as defendants. Before the case came to trial the name of the driver was eliminated as that of a party defendant and the trial proceeded as against the three employers only. The declaration contains the following allegations:

"That at all times herein mentioned the defendants, M. R. Jardin, J. C. Jerves and Frank Medeiros, were

copartners doing business under the firm name and style of the 'Kauai Modern Bakery' on the island of Kauai in the Territory of Hawaii. That the said first three named defendants were on the 10th day of March, 1924, the owners, in the possession of and engaged in the bakery business on the said island of Kauai; and in connection with said bakery business did operate for delivery purposes an automobile or truck.

"That on the 10th day of March, 1924, the defendant, Louis Robello, who was then and there an employee of the three first named defendants, and while he was driving said truck or automobile as aforesaid on the main government highway going from the direction of Eleele toward Koloa on said island of Kauai, and while said defendant was driving said automobile or truck along said road and highway at Kalaheo, the said defendant did then and there drive said automobile or truck in such a careless, reckless and negligent manner and at such a high rate of speed, and without giving any warning or sounding any horn or gong, did drive into and strike the said Suke Taba with said automobile or truck while said Suke Taba was walking across the said road and highway at said Kalaheo.

"That at all of the times herein set forth the said Louis Robello was operating said automobile or truck as the employee of the other three defendants above named, who were then and there copartners doing business under the firm name and style of 'Kauai Modern Bakery'."

It sufficiently appears from these allegations that the plaintiff claims and alleges not only that Robello was an employee of the three copartners at the time of the accident, but also that in driving the truck he was acting as the employee of the copartners and within the scope of his employment. It need hardly be said

that the particular words "within the scope of his employment" are not indispensable. Any language of equivalent import, conveying the meaning that in driving the truck the driver was in fact acting within the scope of his employment and in pursuance of the masters' business, will suffice. In the case at bar, the statement having first been made that the three copartners were doing business under the firm name and style of the "Kauai Modern Bakery" on the island of Kauai and were conducting a bakery business on that island and in connection with the same operated for delivery purposes an automobile or truck, the plaintiff proceeds to allege that Robello was then and there an employee of the other three defendants and that the accident happened "while he was driving said truck or automobile *as aforesaid*". The words "as aforesaid" were intended to have some meaning. They clearly refer to the bakery business which the copartners were conducting and to the automobile or truck which was used by them for the purposes of delivering the products of their bakery. The words "as aforesaid" are not, under the circumstances, susceptible of any other meaning. Thus understood, the case stands as though the allegation were, in so many words, that the accident happened while Robello was driving the truck of the defendants, as their employee, in the act or process of delivering for them the products of their bakery,—a clear allegation of acting within the scope of his employment and for the purposes of his masters.

While these considerations amply suffice to support the declaration against the demurrer and the motion in arrest of judgment, it is not out of place to remark that in this respect the trial was fair and no injustice resulted to the defendants. After the elimination of the driver as a defendant it was necessarily obvious

to the three copartners that they alone were being sued on the theory of responsibility for the negligence of their servant; and instructions given with the assent of the defendants show that the case was submitted to the jury upon the theory that the three copartners were in law responsible for the negligence, if any, of their servant.

It follows that it was not error to allow, after judgment, an amendment to the declaration so as to express more artificially the claim that the driver, in driving the truck at the time of the accident, was acting within the scope of his employment and in the pursuit of his masters' business. The amendment merely elaborated that which was already sufficiently alleged in the original declaration.

The exceptions are overruled.

*F. Patterson* (also on the brief) for plaintiff.

*P. V. Clibborn* (*Rice & Clibborn* on the briefs) for defendants.