**GWC RESTAURANTS, INC., Plaintiff,**

v.

**HAWAIIAN FLOUR MILLS, INC., an Oregon corporation, doing business as "HFM First In Foods," Defendant.**

**Civ. No. 88–00077 ACK.**

United States District Court, D. Hawaii.

April 27, 1988.

James M. Sattler, Frederick W. Rohlfing, Honolulu, Hawaii, for plaintiff.

Reinwald O'Connor Marrach & Hoskins, John Hoskings, Patricia Wall, Honolulu, Hawaii, for defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND LEAVE TO AMEND

KAY, District Judge.

Defendant filed a motion with this court to dismiss plaintiff's complaint and for Rule 11 sanctions. The legal standard by which to scrutinize a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., is whether plaintiff has stated a claim for relief for which relief can be granted by this court. Dismissal is an extraordinary remedy which is viewed with disfavor in the federal courts. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978); *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981). The U.S. Supreme Court has stated that a motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80

(1957). The allegations of the complaint should be construed most favorably to the pleader when passing on a motion to dismiss. *De La Cruz,* 582 F.2d at 48.

Plaintiff's complaint contained counts for breach of contract, unfair and deceptive trade practices under Hawaii Rev.Stat. Ch. 480, violation of the Clayton Act (Robinson–Patman Act), usury and negligence.

## BACKGROUND

Hawaiian Flour Mills (HFM) is a wholesale supplier of foods and other products to customers in the State of Hawaii. GWC Restaurants (GWC) is a customer of HFM. GWC has a balance due and owing of over $85,000.00 to HFM. HFM alleges that this complaint was filed by GWC in an attempt to circumvent paying the past due account.

There exists an "Agreement" which is an unsigned contract prepared by HFM which outlines the terms of business between HFM and GWC. The legal effect of this "Agreement" is partly the basis for this lawsuit.

### Count I: Breach of Contract

■ Defendant alleges that the Statute of Frauds bars plaintiff's breach of contract claim under Hawaii Rev.Stat. § 490:2–201 which requires a *signed* agreement for a contract to be enforceable for the sale of $500 or more worth of goods. Plaintiff alleges that the statute of frauds is not applicable because the goods subject to the breach of contract claim have been bought and payment has already been made. Plaintiff states that it has paid over $800,000.00 for goods from HFM between August 1, 1985 through January 31, 1988. Plaintiff therefore asserts that the statute of frauds is made inapplicable through Hawaii Rev.Stat. § 490:2–201(3) which provides that a contract which does not satisfy the statute of frauds but which is otherwise valid is enforceable with respect to goods for which payment has been made and accepted.

GWC alleges that the unsigned agreement relied upon by both parties formed the basis of a valid contract. In addition, plaintiff alleges that the payment it made for goods is sufficient to make the contract allegedly formed between GWC and HFM enforceable. Because the allegations of the complaint must be taken as true for determining a motion to dismiss, this is sufficient to deny defendant's motion to dismiss as to Count I.

### Count II: Unfair and Deceptive Trade Practices

■ Defendant alleges that plaintiff's claim for unfair and deceptive trade practices must be dismissed. However, this court finds that Haw.Rev.Stat. § 480–2 while amended to preclude the bringing of unfair and deceptive trade practices by businessmen or merchants between themselves, does not preclude suit for causes of action which arose prior to the effective date of amendment which was effective June 14, 1987. Therefore, count II is not dismissed.

### Count III: Clayton Act (Robinson–Patman Act)

■ Plaintiff alleges in Count III that defendant has violated 15 U.S.C. Section 13(a), Section 2(a) of the Clayton Act, also known as the Robinson–Patman Act (RPA). The Robinson–Patman Act was designed to allow for redress for customer injuries where a seller is charged with offering certain favored customers discounts or other price advantages not readily available to competing disfavored customers. 5 Von Kalinowski, ANTITRUST LAWS AND TRADE REGULATION § 30.01.

In its complaint, plaintiff alleges that HFM is an Oregon corporation which does business in Hawaii with Hawaii restaurant consumers among others. Plaintiff also alleges in paragraph 21.b that HFM made initial representations that its initial margin rate of 13% was customary and reasonable in the Hawaii market for a single restaurant. As defined in the complaint, a margin is the difference between the cost of the product and the selling price. The plaintiff alleges that under the unsigned agreement, which it followed, and the initial representations made by HFM representatives, the margin rate would be 13%. Plaintiff later found that it had been

charged a margin rate of between 18% to 21%. The plaintiff states that it has been subject to misrepresentation regarding the margin rate that it has been charged for its accounts. For the purposes of this motion, the issue on this count is whether the plaintiff has adequately stated a claim under the RPA for price discrimination.

In *Zoslaw v. MCA Distributing Co.*, 693 F.2d 870 (1982), the Ninth Circuit discussed the jurisdictional requirements necessary to maintain a RPA action,

> To prove jurisdiction under Section 2(a) of the Robinson–Patman Act, a plaintiff must demonstrate: (1) that the defendant is "engaged in interstate commerce," (2) that the price discrimination occurred "in the course of such commerce," and (3) that "either or any of the purchases involved in such discrimination are in commerce." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1043 (9th Cir.1981).

In *Gulf Oil v. Copp Paving Co.*, [419 U.S. 186, 95 S.Ct. 392, 42 L.Ed.2d 378 (1974)], the Supreme Court concluded that the jurisdictional "in commerce" language in section 2(a) is not as broad as the "affecting commerce" language in the Sherman Antitrust Act. In particular, the court interpreted the "purchases ... in commerce" requirement as limiting the section's application to cases "where 'at least one of the two transactions which, when compared generate a discrimination ... cross[es] a state line.' "

*Zoslaw* at 877. (citations omitted).

The elements of a RPA claim which must be alleged in this case to maintain jurisdiction of the claim would therefore include that:

1. HFM is engaged in interstate commerce;
2. HFM's price discrimination took place in the course of interstate commerce;
3. one of HFM's discriminatory transactions was "in commerce" which crossed state lines.

Plaintiff has not alleged that HFM has engaged in interstate commerce aside from the fact that it states that HFM is an Oregon corporation. In addition, plaintiff has not alleged that the alleged price discrimination has taken place in interstate commerce. The RPA requires that any discriminatory pricing must take place in interstate commerce, not merely affect interstate commerce. *Gulf Oil v. Copp Paving Co.*, 419 U.S. 186, 95 S.Ct. 392, 42 L.Ed.2d 378 (1974). In this case, plaintiff merely alleges that HFM has sold goods to Hawaii consumers without alleging that the goods have been sold across state boundaries either to them or to other competing restaurants.

*Gulf Oil* involved the intrastate sale of liquid asphalt paving material. Even though Gulf Oil engaged in interstate commerce, the subject transactions were purely intrastate in character. The Supreme Court held that at least one of the two transactions (to either the favored or disfavored competitor) must be alleged to have crossed a state boundary. In the instant case, plaintiff has failed to do so in its complaint and the court need not look farther to find that the jurisdictional requirements of the RPA have not been met.

Count III is dismissed with leave to amend. *Austin v. House of Vision, Inc.*, 385 F.2d 171 (7th Cir.1967).

*Count IV: Usury*

▓ The usury claim is premised upon Hawaii Rev.Stat. § 478–6 which provides that the maximum permissable interest rate is no more than 1% per month. Defendant claims that the usury statutes are not applicable between merchants under § 478–8. The plaintiff asserts that it is not a merchant under Hawaii Rev.Stat. § 490:2–104, which provides in pertinent part the definition of merchant,

> a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction....

This court finds that plaintiff is a merchant under Haw.Rev.Stat. § 490:2–104 because the transactions took place over a two year period and as a professional res-

taurant business, GWC held itself out as having the knowledge or skill peculiar to the practices or goods involved in the transaction. Accordingly, Count IV is dismissed.

*Count V: Negligence*

■ The negligence claim arises from plaintiff's assertions that the breach of contractual duties give rise to a negligence cause of action. Plaintiff states that it has alleged duties and obligations by virtue of the contract between the two parties and that Count I, II and III allege that defendant has breached those duties to plaintiff. Under Hawaii law, a negligence claim is stated by an allegation that the acts or omissions of a party were done negligently. *Taba v. Jardin,* 30 Hawaii 452 (1928); *Ciacci v. Woolley,* 33 Hawaii 247 (1934); *Morgan v. Yamada,* 26 Hawaii 17 (1921). Under Hawaii law, plaintiff has sufficiently stated a negligence claim. Therefore, Count V is not dismissed.

Defendants motion for Rule 11 sanctions will be denied.

## CONCLUSIONS

The court, having reviewed the motions, memoranda in support and in opposition thereto, the file, and having heard oral arguments by counsel, hereby ORDERS that defendant's motion to dismiss is denied as to Counts I, II, and V of plaintiff's complaint. Defendant's motion to dismiss is hereby granted as to Counts III (Robinson–Patman Act) and IV (usury) of plaintiff's complaint. Plaintiff is granted leave to amend its Robinson–Patman Act claim.