## GILMER *v.* MORRIS *et al.*

*(Circuit Court, M. D. Alabama.* May, 1891)

**JUDGMENT—RES ADJUDICATA—DISMISSAL ON DEMURRER.**

Plaintiff filed his bill in the state court to redeem certain stock pledged by him with defendant in 1871. On demurrer the court sustained the plea of the statute of limitations, and dismissed the bill. In the present suit for the same stock plaintiff stated the original transaction of 1871, and further set forth a new and different pledge, in 1875, of the same stock for other debts and for future advances which were made. *Held,* that the last suit is not barred by dismissal of the bill in the first suit, since the dismissal was on demurrer for insufficiency of the allegations of the bill, and not on the merits.

In Equity.
*W. A. Gunter, H. C. Semple,* and *R. C. Brickell,* for complainant.
*Tompkins & Troy,* for respondents.

BRUCE, J. The facts appear in the opinion of the court. There was a previous bill between the same parties, which was dismissed by the supreme court of the United States upon a question of jurisdiction, as will be seen in case of *Morris* v. *Gilmer,* 129 U. S. 315, 9 Sup. Ct. Rep. 289. A new bill was filed, and we have for consideration the sufficiency of the plea of *res adjudicata,* which was considered and determined in the former case, reported in 30 Fed. Rep. 476. The bill in this case and the plea are the same as in the former case, and the question has been again heard upon argument and brief of counsel on both sides. It is conceded that the original suit in the state court was brought to recover the same shares of stock for which this suit is brought; that it was by the same complainant against the same defendants; and, as the bill was dismissed absolutely and the decree affirmed on appeal, the defendants insist that the cause of action set up in the suit was adjudicated between the parties in the suit in the state court, and that the facts set up in the plea constitute a bar to the present suit. It will be observed from the record in the state court set up in the plea that the original bill after amendment, and as it stood when the trial was had, stated a pledge of 120 shares of stock in 1871 for $6,000, the original cost of the same, and that this sum on the 30th day of March, 1871, was paid by a sale of one-half of the stock, and the remainder, 60 shares, was left to secure the balance of interest due to Morris. The bill did not allege acts of recognition on the part of Morris from that time to the filing of the bill in the state court, on the 7th day of July, 1884. The answer of the defendants admitted certain facts, but denied, by way of conclusion, the ownership of the stock by the complainant, and coupled with the answer as a part

thereof, under the state practice, five different grounds of demurrer, viz.: (1) The facts alleged show that the demand is stale; (2) that it is barred by the statute of limitations; (3) the claimant has an adequate remedy at law; (4) the bill as amended makes an entirely different case from that made by the original bill; (5) there is no tender alleged in the bill of the amount admitted to be due, and said amount is not brought into court. Testimony was taken, and the case was submitted upon the pleadings and evidence without a previous ruling upon the demurrers, and the chancellor, in vacation, rendered a decree dismissing the bill absolutely, which decree was on appeal affirmed by the supreme court of the state. 80 Ala. 78. The present bill states the original transaction of 1871 by way of inducement, and goes on to state a new and different pledge in 1875 of the same stock for other debts and for future advances which were from time to time made; and the question is, can the *res adjudicata* in the state court be held to apply to the case now made by the bill in this court?

If a new pledge of the same stock was made in 1875, and if by that it (the stock) was to be held as security for advances to be made, and which were afterwards made, then what is there in the record of the suit in the state court that operates as a bar to this suit? The opinion of the chancellor in the state court in the former suit shows that he rested his decision on the statute of limitations. His language is: "The statute of limitations is therefore a bar to the rights of the complainant in this cause." That was a point in the demurrer, and clearly the point decided was that the case made by the bill was barred by the statute of limitations. The issue was not whether there were acknowledgments that took the case out of the operation of the statute, or whether anything of that sort was proved or not, but only this: whether a case without such acknowledgment was made by the bill; and the question of a new and different pledge in 1875 was not before the court by any averment in the bill, and the judgment of the court was not invoked upon the case as it is now made in this court. The sustaining of the demurrer to the bill in the state court put the complainant out of court, and the suggestion of the counsel for the defendants is that he could have sought leave to amend his bill, and state the matter which he now claims took the case out of the operation of the statute of limitations. Conceding now that he might have done so, yet was he obliged to do so, and did he not have the option to confess the demurrer, and state new matter by way of amendment, or bring a new suit, and state new matter which would avoid the demurrer? The allowance of amendments in pleading was certainly not intended to prevent a party from filing a new suit, if he deems that the better course. Wells, Res. Adj. § 440; *Shields* v. *Barrow*, 17 How. 144; *Marsh* v. *Masterton*, 101 N. Y. 406, 5 N. E. Rep. 59.

The very idea of amendment has in it that of other and new matter, and the estoppel of the judgment of a court can operate only upon the case made and presented for the judgment of the court. If a party fails to state a case in his bill of complaint, and goes out of court on demurrer, the rule of *res adjudicata* operates as to the case made by his bill, and

only as to that case. *Gould* v. *Railroad Co.*, 91 U. S. 533; Bigelow, Estop. pp. 152–155. The question, then, is whether a defendant who has been defeated on demurrer, because he has not made a case by the allegations in his bill, can bring a new suit to recover the same property from the same party, upon supplying the defects in his first bill.

The statement of the proposition would seem to carry its own answer, for how can the merits of a different cause, as set up in a bill in a second suit, be heard and decided on a different bill in a former suit, even when it is between the same parties and for the same property, or how, in such case, can the estoppel of a judgment in a former case operate as an estoppel in the second case? The judgment rendered in a cause must be held to the issues made by the pleadings, and the estoppel will operate only as to the issue, and whatever was necessarily involved in that issue. Presumption will never be indulged in favor of an estoppel beyond what is necessary to sustain the judgment rendered. *Russell* v. *Place*, 94 U. S. 606; Bigelow, Estop. pp. 152–155; *Barnes* v. *Railroad Co.*, 122 U. S. 14, 7 Sup. Ct. Rep. 1043; Black, Judgm. § 242. In *Aurora City* v. *West*, 7 Wall. 82, it is said: The essential conditions under which the exception of *res adjudicata* become applicable are "the identity of the thing demanded, the identity of the cause of the demand, and of the parties in the character in which they are litigants." Can it be maintained that the cause of the demand in the case in this court is the identical cause of demand in the state court in the former suit? The theory of the bill in the state court seems to be a claim to the property upon an acknowledged pledge and trust relation subsisting between the parties in 1871. The theory of the bill in this case is that of another pledge at a subsequent time, and with different conditions, not only for indebtedness then existing, but to exist,—that is, a continuing pledge, which in its nature was inconsistent with the running of the statute of limitations; and that in fact there was no act of repudiation of the pledge on the part of Morris prior to June, 1884. It is claimed, however, that the question is not simply what point was decided in the former suit, but what was necessarily involved in the issue in the former suit, and that, as the right to the stock in question was in issue, the matter now sought to be litigated is *res adjudicata* in the former suit. True, the same property is claimed here that was claimed in the former suit, but on a different ground, as we have seen; and as the judgment in the former suit was on demurrer to the bill and did not necessarily involve the question of property except as there stated, and as an estoppel must be certain to every intent, and cannot be extended, in the case of judgments, by implication, beyond matters essential to uphold them, the former judgment in this case cannot be held to conclude the right of property to the stock in question, which is involved alike in both cases. Bigelow, Estop. pp. 80, 81, 152, 154; *Moss* v. *Anglo-Egyptian, etc., Co.*, L. R. 1 Ch. 113–116.

The questions in this case have already been considered, and although upon a reargument some views have been presented and some authorities cited in addition to what was presented in the former case, yet the con-

clusions reached do not differ from those expressed in former opinion, reported 30 Fed. Rep. 476, and it is not deemed necessary to go over the same ground again.