### MARIA MARKS SILVA *v.* INTER-ISLAND STEAM NAVIGATION COMPANY, LIMITED, AN HAWAIIAN CORPORATION.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

ARGUED MAY 20, 1907.                    DECIDED MAY 23, 1907.

FREAR, C. J., HARTWELL AND WILDER, JJ.

COMMON CARRIER—*contract for landing passengers required to traverse a wharf.*

> A complaint alleging a contract to convey a passenger to Maalaea Bay and provide reasonable facilities, lights and assistance to enable her to reach the land in safety, alleging as breach a failure to provide lights or guides or other assistance reasonably necessary to enable her to traverse in safety on a dark night the wharf upon which she was landed at Maalaea Bay to the land, is not demurrable for nonaverment of defendant's ownership or control of the wharf.

ID.—*practice—answering over on overruling of demurrer.*

> A defendant upon the overruling of his demurrer may answer over. The statute, Sec. 1727 R. L., that after answer or demurrer "there shall be no further pleading," does away with rejoinders, rebutters, etc., in making up an issue but does not limit the defense to a demurrer or general denial.

OPINION OF THE COURT BY HARTWELL, J.

The plaintiff sues the defendant, alleged to be a common carrier of passengers between the various ports of the Territory,

for damages resulting from an injury received in falling from a wharf at Maalaea Bay on which the defendant landed her at night as a passenger on the steamer Kinau from Honolulu for that place.

The complaint alleges that the defendant "received and accepted this plaintiff as a passenger upon said vessel, from said Honolulu to said Maalaea Bay, and for the consideration of Two and one-half Dollars, which sum this plaintiff then and there paid to said defendant, said defendant undertook and agreed to carefully and properly carry and transport this plaintiff from said Honolulu, upon said vessel "KINAU", to the usual point and place of anchorage for said vessel, at and in said Maalaea Bay, and, upon and after the arrival of said vessel at said anchorage, to carefully and properly remove plaintiff from said vessel "KINAU", and place her within one of the row boats belonging and attached to said "KINAU", and to carry and transport plaintiff in such row boat, from the side of said vessel "KINAU" at said usual point of anchorage, and carefully and properly place plaintiff ashore upon the land at said Maalaea Bay, and to provide plaintiff with all reasonable facilities, lights and assistance to enable plaintiff to reach the land at said Maalaea Bay in safety," and "that in pursuance of said contract of carriage", upon the arrival of the Kinau at its usual anchorage at Maalaea Bay about nine o'clock in the evening, the defendant removed the plaintiff in a row boat and placed her on the wharf but "neglected and refused to furnish any further transportation, guidance, lights or assistance of this plaintiff, whereby said plaintiff might arrive upon the land at said Maalaea Bay in safety. That at the time of the arrival of said "KINAU" at said anchorage, and thence until and after the injuries which occurred to this plaintiff, as hereinafter recited, the night was very dark, and plaintiff was unable to see, observe or understand her surroundings without the aid of artificial light;" that the defendant knew that this wharf "was unfenced and unprovided with railings, ropes or other guards or structures sufficient to reasonably provide for or insure the

safety of persons arriving upon or frequenting said wharf in darkness, and (or) to reasonably provide for or insure persons so arriving or frequenting said wharf against the danger of walking or falling off and over the edges thereof. And that the said wharf was unprovided with artificial or any light suitable or sufficient to enable persons arriving upon or frequenting it in the dark to move upon or across or along the said wharf in safety; and, in particular, that said defendant, then and there well knowing all the facts aforesaid, wilfully and negligently failed and refused to provide for the use of this plaintiff such artificial light and lights, and (or) such guides or other assistance as was or were then and there reasonably necessary to enable this plaintiff to traverse said wharf in safety, from the point at which she was placed upon the same as aforesaid, to the land at said Maalaea Bay."

The defendant demurred to the complaint on the grounds that it does not show whether the defendant was owner or lessee of the wharf or what control, if any, the defendant had over it and does not state facts sufficient to constitute a cause of action. The demurrer was overruled and the court regarding Sec. 1727 R. L. as allowing no further pleading refused to allow the defendant to answer over. The defendant excepted to the rulings and its exceptions were allowed with its bill of exceptions.

The plaintiff's brief claims that as the bill does not purport to be certified by the judge to be interlocutory, under Sec. 1864 R. L. the exception to the overruling of the demurrer is not properly brought. We consider the allowance of the bill by the judge as indicating that he thought this to be "advisable for a more speedy determination of the case," (*Ahmi v. Cornwell,* 14 Haw. 301,) but it is better practice in such cases to certify accordingly.

The defendant contends that it is not liable for the condition of the wharf unless it has authority or control over it, citing *Wendell v. Baxter,* 12 Gray, 494, that the owner and lessor of a wharf, over which a mail man going aboard a steamer to obtain the mail was injured, is liable and this even where pos-

session is temporarily in a tenant, *Moody v. Mayor,* 43 Barb. 282, and *Pittsburg v. Grier,* 22 Pa. St. 54, that a city in possession of, and exercising control over, a wharf is bound to keep it in repair. The liability of the owner of the wharf does not, however, relieve this defendant from liability for nonperformance or misfeasance of a contract. This view sustains the plaintiff's argument that the cases cited do not meet her statement of a case of "an express contract to safely put the plaintiff ashore and furnish all facilities, lights and assistance reasonably necessary to enable her to reach the land in safety."

But whether this is to be treated as an action of assumpsit for damages from the defendant's breach of an express contract, its control of the wharf being then immaterial, or as founded on the defendant's violation of its duty to take reasonable precaution to guard passengers against accidents when landing them upon a public wharf, in either case the demurrer would have to be overruled. But the defendant ought to have been allowed to answer over in conformity with our practice. The statute in providing that after answer or demurrer "there shall be no further pleading," does away with rejoinders, rebutters, etc., in making up an issue but does not limit the defense to a demurrer or a general denial.

The exception to overruling the demurrer is overruled, the exception to refusing to allow the defendant to answer over is sustained and the defendant may file its answer within ten days.

*C. W. Ashford (J. L. Coke* with him on the brief) for plaintiff.

*A. Lewis, Jr., (D. H. Case* and *Smith & Lewis* on the brief) for defendant.