Archer v. Naka, 19 Haw. 547.

# FRANK K. ARCHER v. S. NAKA AND J. SAKEHARA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED SEPTEMBER 21, 1909.    DECIDED SEPTEMBER 23, 1909.

WILDER AND PERRY, JJ., AND CIRCUIT JUDGE ROBINSON IN PLACE OF HARTWELL, C. J.

JUDGMENTS—*estoppel.*

> In an action of ejectment a judgment for defendants on demurrer is a bar to a second action for the same piece of land brought by the same plaintiff against the same defendants where the allegations in the complaints in the two actions are the same in all material respects.

## OPINION OF THE COURT BY WILDER, J.

This is an action of ejectment in which defendants pleaded in bar a former judgment sustaining their demurrer to plaintiff's complaint seeking to recover the possession of the same piece of land. The plea in bar having been overruled, defendants bring up an interlocutory bill of exceptions to review that ruling. In allowing such a bill of exceptions it would be better practice if the trial judge certified, as he did not in this case, that in his discretion he thought the same "advisable for a more speedy termination of the case." *Silva* v. *I. I. S. N. Co.,* 18 Haw. 328, 330.

The law applicable to the merits of the exception is well settled and is clearly stated in *Gould* v. *Evansville and Crawfordsville R. R. Co.,* 91 U. S. 526, as follows:

"If judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant or his privies any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration; but, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration

which is supplied in the second suit, the judgment in the first suit is not a bar to the second."

In this case the plaintiff is again seeking to recover the same piece of land from the same defendants as in the first action. The only question is whether plaintiff has supplied in his complaint in this action essential allegations which were lacking in his complaint in the first action.

The plaintiff in the first action alleged:

"That the Plaintiff is entitled to the possession of that certain piece or parcel of land situated at Kamupoo, Waikele, Ewa, Island and County of Oahu, Territory of Hawaii, by virtue of a lease made by and between Punohu Muir by Frank K. Archer her Attorney in fact and Ah Kai, dated May 1st, 1906 and recorded in Liber 283 on Pages 178 and 179 and duly assigned to the Plaintiff herein a survey of said piece of land is hereto attached and made a part hereof."

That complaint was demurred to on various grounds, among others that it did not state facts sufficient to constitute a cause of action, and the demurrer was sustained and the complaint dismissed.

In the complaint in this (the second) action it is alleged:

"That said Plaintiff claims the possession of the same by virtue of a lease made by and between Punohu Muir by Frank K. Archer her Attorney in fact and Ah Kai, Dated May 1st, 1906, and recorded in Liber 283 on Pages 178 and 179, for 21 and half years from and including the first day of May A. D. 1906, at the annual rental of $50 for the first one year and half of said term, and at the annual rental of $120 per year for the balance of the term thereof.

"That said Lease being duly assigned to the Plaintiff herein by Ah Kai, the Lessee therein, by an Assignment dated, Jany. 31st, 1907, and recorded in Liber 294 Page 286.

"That said Lease is still in force between said Punohu Muir and the Plaintiff herein.

"That said Frank K. Archer was duly appointed as an Attorney in fact by said Punohu Muir by a Power of Attorney dated June 27th, 1903, and duly recorded."

The other parts of the two complaints are identical. Thus it appears that the additional allegations in the second complaint in brief are the term of the lease, the rental, the date of the assignment and where recorded, the date of the power of attorney to plaintiff and that it was recorded, and that the lease is still in force. All of these averments but the last are clearly but an elaboration of what was alleged in the first complaint and undoubtedly add nothing to it as a pleading in legal effect. It is contended, however, that the allegation in the second complaint that the lease is still in force supplies the necessary averment which was lacking in the first complaint. With that contention we cannot agree. Where one seeks to recover land by virtue of a certain lease an averment that that lease is still in force, while perfectly proper, adds nothing, as a claim under the lease implies that the lease is still in force and that it has not been surrendered or canceled. A comparison of the two complaints shows that they are the same in all material respects. In our opinion the ruling of the trial judge was erroneous, although, as is obvious, we do not mean to intimate that plaintiff may not satisfy the rule of law referred to.

Exceptions sustained.

*W. C. Achi* for plaintiff.

*W. T. Rawlins* for defendants.

*R. P. Quarles* for plaintiff.

*Lorrin Andrews, Deputy Attorney General,* for the Territory.