# FRANK K. ARCHER *v.* S. NAKA AND J. SAKEHARA.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED AUGUST 1, 1910.                    DECIDED AUGUST 5, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE ROBINSON
IN PLACE OF HARTWELL, C.J.

JUDGMENTS—*estoppel.*

In an action of ejectment a judgment for defendants on demurrer is a bar to a subsequent action for the same piece of land brought by the same plaintiff against the same defendants where the allegations in the declarations in the two actions are the same in all material respects,

In ejectment brought by one holding a leasehold interest the lessor's title in fee need not be alleged in the declaration.

### OPINION OF THE COURT BY PERRY, J.

A statement of earlier proceedings in this controversy is contained in the opinion reported in 19 Haw. 547. After the filing of that opinion the same plaintiff commenced this, the third, action against the same defendants for the recovery of the same parcel of land involved in the first and second actions, and the judgment sustaining the demurrer to the declaration in the first action was again pleaded in bar. To the judgment sustaining the plea in this case this exception was noted.

The law of res judicata applicable to this plea is sufficiently stated in the former opinion. 19 Haw. 547-548. As in the second case, "the only question is whether plaintiff has supplied in his complaint in this action essential allegations which were lacking in his complaint in the first action." Ib. 548. The plaintiff's contention is that the present declaration differs materially from the first in three respects: first, in setting out the duration of plaintiff's lease; second, in containing a description of the land by metes and bounds; and third, in alleging that the plaintiff's lessor, "is and was at the time of the execution of said lease the owner in fee and entitled to the possession of said

premises described." (1) The second declaration set forth with as much fullness as the third the duration of the plaintiff's lease, but this court has already held that that averment is simply an elaboration of what was alleged in the first declaration and adds nothing to it as a pleading in legal effect. (2) The first declaration contained a particular description of the land by metes and bounds. (3) Our statute, R. L. Sec. 1712, relating inter alia to actions of ejectment requires an allegation in the declaration of "the kind of title claimed by the plaintiff" but requires no other averment on the subject. By the unquestioned practice of a long period of years this provision of the statute has been construed as not requiring the plaintiff to set forth the mesne conveyances by which the title passed to him. This construction will not now be departed from. It may be added that an averment that the lessor is the owner in fee is of no greater force or value than an averment that the lessee is the owner of a leasehold interest. If the former were necessary, then it would also be necessary to set forth all of the other links in the chain of title as far back as the patent. The first and third declarations are the same in all material respects. The statement in the conclusion of the former opinion, "we do not intimate that plaintiff may not satisfy the rule of law referred to," was merely an express limitation of the former opinion to the particular averments then under consideration and cannot be considered as an intimation that the plaintiff *could* satisfy the rule of law in question. The plaintiff was merely left at liberty to make a further attempt if so advised. If the ruling and judgment now pleaded in bar were erroneous, the plaintiff's remedy was by appeal in the manner provided by law.

The exceptions are overruled.

*Alfred L. Castle* (*Castle & Withington* and *W., C. Achi* on the brief) for plaintiff.

*W. T. Rawlins* for defendants.