# H. HACKFELD & COMPANY, LIMITED, *v.* INTER-ISLAND STEAM NAVIGATION COMPANY, LIMITED.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

ARGUED JULY 19, 1915.                    DECIDED JULY. 20, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

JUDGMENTS—*estoppel—res judicata.*
    Where a demurrer has been sustained because of the omission of the plaintiff to set forth in his complaint an allegation material to the cause of action attempted to be stated the judgment of dismissal will not be a bar to a fresh action the complaint in which includes the allegation previously omitted.

PLEADING—*ultimate facts—knowledge.*
    In pleadings it is necessary to allege only ultimate, as distinguished from evidential, facts. An allegation that a party had knowledge of a certain matter or thing is an allegation of an ultimate and traversable fact.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an appeal from a judgment of the district court of Honolulu sustaining the plea in bar of the defendant to the plaintiff's complaint. On January 4, 1915, the plaintiff filed an action against the defendant in the district court claiming damages for injury sustained by a horse of the plaintiff by reason of the defective condition of a certain pier at Honolulu upon which the horse had been driven at the direction of an employee of the defendant. A demurrer to the complaint was sustained. The plaintiff amended its complaint and a demurrer to the amended complaint was sustained and the case was dismissed. On February 16, 1915, the plaintiff commenced a new action in the same court by filing a complaint which was substantially like the amended complaint in the first action except that it contained the additional allegation that the defective condition of the pier "was such that the defect was known or should

have been known to the defendant." To this complaint the defendant interposed a plea in bar setting up the judgment of dismissal in the first action. Counsel for the defendant contend that the new allegaiton "is a mere argumentative statement of the pleader," "a mere claim unsupported by any allegation of fact from which a legal presumption of knowledge might be drawn," and that "not a single new fact is pleaded." Counsel seem to concede that knowledge of the defective condition of the wharf would, properly pleaded, be a material and necessary allegation in the complaint. On the assumption that the new allegation added nothing to the cause of action attempted to be shown in the first case, and that "the case is precisely the same as before on the facts," it is argued that the new complaint fails to state a cause of action against the defendant. Whether the new allegation is duplicitous, and whether the complaint as a whole would have withstood a general demurrer are questions not presented by this appeal. We are dealing here with a plea in *res judicata*, not a demurrer to the complaint.

The rule applicable here is that where a demurrer has been sustained because of the omission of the plaintiff to set forth in his complaint an allegation material to the cause of action attempted to be stated the judgment will not be a bar to a fresh action the complaint in which includes the allegation previously omitted. *Gould* v. *Evansville etc. R. Co.,* 91 U. S. 526, 534; *Cromwell* v. *Sac,* 94 U. S. 351, 364. See *Archer* v. *Naka,* 19 Haw. 547.

An allegation that a party had knowledge of a certain matter or thing is an allegation of an ultimate and traversable fact, and not of a conclusion of law. 31 Cyc. 58; *Voiles* v. *Beard,* 58 Ind. 510; *State* v. *Sooy,* 39 N. J. L. 135, 149; *Neilson* v. *Edwards,* 148 N. W. (S. D.) 844, 847. "In pleadings it is necessary to allege only ultimate, as distinguished from evidential, facts." *Brown* v. *Cornwell,* 20 Haw. 457, 465. We find, then, that the complaint in the second case does contain an allegation of a fact necessary and material to the plaintiff's claim

which was not contained in the complaint which, in the first case, was held bad upon demurrer. Upon the principle of *res judicata* which is applicable to the circumstances of this case the judgment in the former case is not a bar to the maintenance of the new case.

The appeal is sustained and the case is remanded to the district magistrate with the direction to overrule the plea in bar.

*C. S. Franklin* (*Thompson & Milverton* on the brief) for plaintiff.

*L. J. Warren* (*Smith, Warren & Sutton* on the brief) for defendant.