GEORGE B. CAREY, DOING BUSINESS AS WHITE SEWING MACHINE AGENCY, *v.* THE DISCOUNT CORPORATION, LIMITED.

No. 2534.

GEORGE B. CAREY, DOING BUSINESS AS WHITE SEWING MACHINE AGENCY, *v.* HONOLULU FINANCE AND THRIFT COMPANY, LIMITED.

No. 2535.

SUBMITTED JANUARY 3, 1946.          DECIDED JANUARY 23, 1946.

KEMP, C. J., LE BARON, J. AND CIRCUIT JUDGE RICE
IN PLACE OF PETERS, J., DISQUALIFIED.

OPINION OF THE COURT BY KEMP, C. J.

The appeals in the foregoing two cases by the petitioner against different respondents involve the same issue. The plea of *res judicata* of each of the respondents was sustained. From the orders sustaining the pleas and dismissing the bills the petitioner prosecutes these appeals, which have been consolidated and argued together. Each appeal presents the sole question of the correctness of the order or decree sustaining the plea of *res judicata*.

For convenience, the appeal in the case against The Discount Corporation, Limited, will be discussed, and the conclusion reached will apply in the case against the Honolulu Finance and Thrift Company, Limited.

This is a bill in equity for an accounting brought by George B. Carey, doing business as the White Sewing Machine Agency, hereinafter referred to as petitioner, against The Discount Corporation, Limited, hereinafter referred to as respondent.

The petitioner alleged in substance that respondent is wholly owned and controlled by Bishop National Bank of Hawaii at Honolulu; that the ownership of the respondent corporation was concealed by holding the stock of said corporation in the name of agents, principally The Bishop Company, Limited; that the purpose of the existence of the respondent corporation is to evade the laws of the United States limiting the functions of a national bank and the amount of interest chargeable, and to carry on the business of loaning the money of said bank at extortionate and unlawful rates of interest in an attempt to

avoid the penalties for usury imposed upon national banking associations by the laws of the United States; and that the ownership of the respondent corporation by said bank was fraudulently concealed from petitioner by the device of ownership by agents until November 25, 1940 (par. II.);

That by fraudulently concealing the true ownership of the respondent corporation the respondent has been the holder of a money lender's license under the provisions of chapter 233 of the Revised Laws of Hawaii 1935, since its enactment in 1933, and has been licensed to do business as a money lender under the terms of the Industrial Loan and Investment Act since its enactment in 1937 (par. III.);

That on or about August 27, 1932, petitioner and respondent entered into a verbal financing agreement whereby respondent agreed to loan money to petitioner on the security of sales agreements under a continuous account; that upon the loaning of each amount petitioner would give respondent a promissory note payable in fifteen equal installments with block interest deducted in advance, each note to be in amount twenty-five per cent greater than the sum of money plus the interest deducted actually loaned and paid to petitioner, and that interest should be computed upon the face of the note at one per cent per month for the total period of the loan, with a rebate for prompt payment of the interest charged upon the money not loaned but charged as above; that said method of loaning money and charging for the use thereof was designated as "block interest at 1% per month" and was falsely represented by respondent to be one per cent per month within the intent and purpose of the laws of Hawaii (par. IV.).

The foregoing is the substance of the agreement which petitioner alleged he and respondent entered into.

It is then alleged, in substance, that from August 27,

1932, until January 1, 1939, under the terms of said agreement respondent loaned petitioner money monthly and sometimes oftener, for which he executed notes and deductions were made as provided by their agreement, the details of which are set forth, after which it is alleged that the method of accounting employed by respondent and the purposely confusing interrelation of notes, credits, charges, rebates, and installments are such that it is impossible for petitioner to compute the exact amount received from respondent in cash. After lengthy details as to notes executed and the issuance by the respondent of various statements of the amounts claimed by the respondent to be due to it by petitioner and his belief as to the true amount owing, it is alleged that "Respondent charged and collected * * * $15,231.48 as usurious interest, at a rate of approximately 2½% per month, all by fraud, trick, deceit, and extortion practiced upon this Petitioner by way of usury, and in violation of the criminal provisions of Chapter 233, Revised Laws of Hawaii, 1935 and of Section 7055, R. L. H., 1935, as amended, and of Chapter 223A, 1937 Session Laws of Hawaii, and, by the fraudulent use of the Respondent as an agent for the loaning of moneys of the Bishop National Bank of Hawaii at Honolulu, at usurious interest, of the National Banking Act, as set forth in Title 12 United States Code Annotated." (par. V.)

Paragraph VI of the petition follows:

"That by means of fraud, trickery, deceit and extortion practiced by way of usury upon Petitioner herein under the terms of the agreement set forth above, Respondent has had and received of Petitioner usurious interest in violation of the criminal laws of the Territory of Hawaii and of the United States in the sum of $25,-695.10, all as a part of one usurious agreement continuing up to December 31, 1939; that demand has been made

upon the said Defendant for the payment of said sum, together with interest thereon at the rate of 6% per annum from December 31, 1939 but that said Petitioner has failed and refused to pay the same or any part thereof, and the same is now due, owing and wholly unpaid."

The prayer is "that a hearing be had of the facts of this matter and that upon said hearing the account of Petitioner and Respondent be examined and the sum of the usurious and unlawful interest charged Petitioner be determined.

"That a decree be entered herein in accordance with the determination of the amount of usurious interest charged and extorted from Petitioner in the whole sum of said interest, with costs and interest thereon from date of payment."

In response to the foregoing petition, the respondent interposed a plea of *res judicata*, the substance of which follows:

That on or about June 21, 1939, petitioner brought his action against the respondent in the circuit court, at term in law, seeking to recover from respondent money alleged to be had and received by respondent from your petitioner; that on February 23, 1940, petitioner filed his amended complaint, and respondent's demurrer to the amended complaint having been sustained on March 9, 1940, the petitioner filed his second amended complaint, hereinafter more particularly described (pars. I and II.);

That petitioner by his second amended complaint in the law action alleged two causes of action against the respondent for usury arising out of an alleged agreement by the petitioner to borrow money from the respondent; that the first cause of action covered all of the dealings between petitioner and respondent from August 27, 1932, to and including December 30, 1933, and the second cause of action covered all of the dealings between the petitioner

and respondent from January 1, 1934, to and including February 2, 1939; that attached to the sworn complaint in the law action and incorporated therein by reference there were six exhibits. Exhibits A, B, and C related to the first cause of action and D, E, and F to the second cause of action; that exhibit A was a complete statement of all loans, dealer's reserves, prepaid interest, and the gross debt computed by the respondent, and collateral pledged from August 27, 1932, to December 30, 1933; that exhibit B was a full and complete statement of all repayments on loans made from August 27, 1932, to December 30, 1933, and all rebates on account of dealer's reserves or otherwise; that exhibit C was an arithmetical statement showing the calculation of usury alleged to have been paid during the same period.

Exhibits D, E, and F are duplications of exhibits A, B, and C except that they apply to the second cause of action.

Said plea further alleged that in and by said law action petitioner sought to recover from respondent $4,550.86, with interest from June 29, 1935, costs and attorney's commissions on the first cause of action, and $4,740.23, with interest from February 2, 1939, costs and attorney's commissions on the second cause of action, all on account of the dealings alleged in said complaint; that respondent demurred to said second amended complaint in the law action and thereby raised the issue of the sufficiency of the facts alleged to recover the alleged usury; that said demurrer was sustained on the ground that petitioner had no cause of action to recover interest voluntarily paid in excess of one per cent per month and did not purport to pass upon the form of the complaint; that petitioner declined to further amend his complaint and judgment was entered for respondent, dismissing the complaint, and for statutory attorney's commissions in the sum of $247.27

(par. III.) ; that by a bill of exceptions said cause was appealed to the supreme court of Hawaii, where the exceptions were overruled and the judgment of the circuit court affirmed (pars. IV and V.).

The pleadings, decisions, judgments, record in the circuit and supreme courts, briefs and other writings on file in the circuit court in the law action and in the supreme court were incorporated in the plea of *res judicata* (par. VI.).

The seventh and final paragraph of the plea follows:

"That all of the contracts and dealings and transactions alleged and set forth in the bill in equity are the same contracts, dealings and transactions alleged and set forth in said law action; that the parties in the law action and in this suit in equity are identical; that no new cause of action is alleged; that no matters are alleged in or suggested by said bill in equity which were not the subject of litigation in said law suit; that no facts, grounds, reasons or evidence which could be adduced under the bill in equity are outside the scope of the issues decided in and by said law action; that said judgment is in all respects in full force and effect and has not been appealed from and said judgment, together with the proceedings in the said law action, is a bar to the Petitioner's present bill and that Petitioner is estopped by reason of the foregoing facts herein alleged to maintain his present bill in equity in this suit."

The substance of the reply of petitioner to the plea of *res judicata* follows:

Paragraph I admitted the allegations contained in paragraphs I, II, and III of the plea;

Paragraph II, in answer to paragraph IV of the plea, alleged that the demurrer in the law action merely tested the legal sufficiency of the allegations contained in the second amended complaint;

Paragraph III, answering paragraph V of the plea, alleged that said bill of exceptions and the opinion of the supreme court were limited to a ruling on the legal sufficiency of the second amended complaint;

Paragraph IV, answering paragraph VII of the plea, denies that no new cause of action is alleged; denies that no matters are alleged in or suggested by said bill in equity which were not the subject of litigation in said law suit; denies that no facts, grounds, reasons or evidence which could be adduced under the bill in equity are outside the scope of the issues decided in and by said law action; denies that said judgment is a bar to the present petition; denies he is estopped to maintain his present petition; and alleges that "the facts alleged in Paragraphs II and III and the concluding nine lines of Paragraph V of the petition herein were not plead and were wholly outside the scope of the issues adjudicated and decided in said law action; alleges that the issues herein are not the same as those therein decided and adjudicated since the issues herein rest largely upon the allegations contained in said Paragraphs II and III and the concluding nine lines of Paragraph V of the petition herein; that the evidence which will be adduced in support of said allegations are completely outside of the scope of the issues decided by said law action and could not have been introduced therein; that under the express provisions of the Supreme Court opinion in said law action the Decree in this suit should be in favor of the Petitioner and against the Respondent in accord with the prayer of the petition herein."

A hearing was had on the plea and the reply thereto, at which petitioner stipulated "that all of the contracts and dealings and transactions alleged and set forth in the bill in equity are the same contracts, dealings and transactions alleged and set forth in said law action; that the

parties in the law action and in this suit in equity are identical."

In addition to the foregoing stipulation, the entire record in the circuit and supreme courts in the law action was introduced in evidence. The records and stipulation established all of the allegations contained in the plea of *res judicata*.

The circuit judge sustained the plea and dismissed the bill. From the decree dismissing the bill the petitioner prosecutes this appeal.

If the judgment sustaining the demurrer in the law action and dismissing the complaint was a final judgment on the merits, it seems to be well settled that it precludes the right of petitioner to maintain the present bill in equity for an accounting involving the same transactions on which the law action was based.

Paragraphs 1 and 2 of the demurrer in the law action read as follows:

"1. That said complaint and each alleged cause of action therein stated fails to allege sufficient facts to constitute a cause of action against the defendant.

"2. That said complaint and each alleged cause of action therein stated is insufficient to state a cause of action in that it appears in and by said complaint and in and by each alleged cause of action therein stated, that all sums of money demanded therein have been voluntarily paid by the plaintiff to the defendant pursuant to an agreement or agreements entered into by the plaintiff and the defendant, and that the plaintiff is not entitled to recover such sum so voluntarily paid or any part thereof."

In sustaining the demurrer the court concluded a lengthy decision as follows:

"The Court hereby sustains the demurrers in each case respectively on the general ground that an action in assumpsit to recover interest *voluntarily* paid does not

lie in Hawaii merely because, by computations now made, such voluntary payments may have included sums of interest in excess of one (1) per centum per month.

"That is, in each of the above actions, the Court sustains the demurrers as to paragraphs 1 and 2 thereof. It is not necessary at this time to discuss the other grounds.

"Hence, unless plaintiff desires to amend and does so amend within 10 days hereof, an order dismissing said complaints will be signed on presentation."

The judgment entered in the law action, after reciting the effect of the decision theretofore rendered and the failure of the plaintiff to further amend his complaint within the time allowed, dismissed the complaint and provided that the defendant "do have and recover of and from the plaintiff statutory attorney's commissions provided for by Section 3800, Revised Laws of Hawaii 1935, taxed herein in the sum of $247.27."

Since the judgment in the law action relied upon by the respondent to support its plea of *res judicata* was a judgment sustaining its demurrer, it becomes necessary to examine the law applicable to that situation.

The applicable law is stated in 1 Herman, Estoppel and Res Judicata, page 321, as follows:

"§ 273. A judgment on demurrer is conclusive of everything necessarily determined by such judgment; such a judgment may be on the merits, and if so, its effect is as conclusive as though the facts set forth in the complaint were admitted by the parties or established by evidence; as no action could be maintained by the plaintiff on the same facts in case judgment be against him, so, if any court err in sustaining a demurrer and entering judgment for defendant thereon, when the complaint is sufficient, the judgment is nevertheless on the merits. It is final and conclusive until reversed on appeal." * * *

34 Corpus Juris, Judgments, sections 1219 and 1220, are to the same effect.

The above statement of the law as to the effect of a judgment sustaining a demurrer is supported by the following adjudicated cases: *Alley* v. *Nott*, 111 U.S. 472; *Sperry & Hutchinson* v. *Blue*, 202 Fed. 82; *Gould* v. *Evansville, etc. R. R. Co.*, 91 U. S. 526; *Hickey* v. *Johnson*, 9 F. (2d) 498, and many other federal and state cases.

In *Alley* v. *Nott, supra*, the court said:

"A demurrer to a complaint because it does not state facts sufficient to constitute a cause of action, is equivalent to a general demurrer to a declaration at common law, and raises an issue which, when tried, will finally dispose of the case as stated in the complaint, on its merits, unless leave to amend or plead over is granted. The trial of such an issue is the trial of the cause as a cause, and not the settlement of a mere matter of form in proceeding. There can be no other trial except at the discretion of the court, and if final judgment is entered on the demurrer, it will be a final determination of the rights of the parties which can be pleaded in bar to any other suit for the same cause of action." (p. 475.)

In *Sperry & Hutchinson Co.* v. *Blue, supra*, where the complaining taxpayer, a foreign corporation, had first brought suit in a state court to enjoin the enforcement of an allegedly unconstitutional state tax statute and a general demurrer had been sustained to the bill and the bill dismissed, and after an appeal to the state supreme court had sustained the decision and the complainant had thereafter filed a bill for similar relief against enforcement of the same statute, the judgment on demurrer in the first case was held to bar the second suit. The court said:

"[2] The Stamp Company says that the judgment in the state court is not binding here because it was upon a demurrer, and not after hearing upon the merits. 'A judgment on demurrer is as conclusive as one rendered upon proof.' Northern Pacific Ry. Co. v. Slaght, 205 U. S. 130, 27 Sup. Ct. 445, 51 L. Ed. 738. The bill of complaint

in this case says that the bill in the state court expressly alleged that the act here attacked was unconstitutional. Whether the act was constitutional upon any state of facts which the Stamp Company could truthfully allege could be as accurately determined upon a demurrer to a well-drawn bill as at a hearing upon the proofs. That being the case, 'the same legal consequences followed from' the judgment upon it. Northern Pacific Ry. Co. v. Slaght, supra.

"In the argument at this bar the Stamp Company said that the demurrer was sustained in the state court because the bill therein did not show some of the facts set forth in the bill now before this court. Even so, 'the general rule of the extent of the bar is not only what was pleaded or litigated, but what could have been pleaded or litigated.' "

In *Gould* v. *Evansville, etc. R. R. Co., supra,* where plaintiff's testator in his lifetime had sued defendants in debt on a former judgment and defendants had demurred to the complaint, the court sustained the demurrer and gave the plaintiff leave to amend. He declined to amend and judgment was rendered for defendants, and thereafter plaintiff's testator died and his legal representative brought a second suit against the same defendants on the same judgment, the new declaration containing a number of allegations not contained in the previous suit. The court sustained a plea of *res judicata* filed by defendants. Plaintiff, by replication, claimed that the decision in the first suit was not a decision and judgment on the merits but was decided only on the ground that the complaint did not state facts sufficient to sustain the action, in that, according to the allegations of the complaint, the original defendant against whom the judgment sued on had been rendered had been consolidated with another corporation (the defendant in this case) and had ceased to exist, and that the complaint did not state any facts showing a re-

vivor of the suit against the consolidated company, or any facts which rendered such a revivor unnecessary; and that certain other allegations were contained in the new suit and not set forth in the first declaration. The court said at page 533:

"Except in special cases, the plea of *res judicata* applies not only to points upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of the allegation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

In *Hickey* v. *Johnson, supra*, the circuit court of appeals, eighth circuit, states the applicable principles as follows:

"A general judgment or decree of dismissal, without more, renders all the issues in the case res adjudicata, and constitutes a bar to any subsequent suit for the same cause of action. Hence, when a court dismisses a suit upon some ground which does not go to the merits of the cause of action, but leaves them open to consideration in another court, or at another time, or in another way, the decree of dismissal must expressly adjudge that it is rendered for the specific reason upon which it is based, or must expressly provide that it is made without prejudice." * * *

"It is well settled that a valid final judgment or decree, upon the merits, constitutes an absolute bar to a subsequent action or suit between the same parties upon the same claim or demand. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Except in special cases, the plea of res adjudicata applies not only to points

upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. * * * The estoppel is not confined to the judgment, but extends to all facts involved in it, as necessary steps or the groundwork upon which it must have been founded.

"The operation of a judgment or decree as barring a subsequent action or suit on the same claim or demand arises from the well-settled principle of law that whenever a cause of action, in the language of the law, transit in rem judicatam, and the judgment thereupon remains in full force and unreversed, the original cause of action is merged and gone forever. A former judgment on the merits estops the parties thereto not only as to every ground of recovery which was actually presented in the action in which it was rendered, but also as to every ground which might have been presented. Thus, where the plaintiff in an action claims the right of property in a certain thing, the only question involved is whether the property in question belongs to him or not, and if the action results in favor of the defendant, it will bar any action against the same party for the same property, although the plaintiff failed to set up all the rights upon which he might have relied to maintain his cause of action. So, also, the judgment in an action to quiet title is conclusive of the title, whether adverse to the plaintiff in the action or to the defendant. In other words, it determines the merits of the plaintiff's title as well as that of the defendant."

Applying the foregoing to the judgment entered in the law action sustaining the demurrer, we conclude that said judgment was a final judgment; that said judgment established as the law of the case that under Hawaiian law

usurious interest voluntarily paid cannot be recovered. It was, therefore, a final judgment on the merits of the controversy and bars any further litigation of the same cause of action by the parties to the law action.

In the law action, the plaintiff sought to recover usurious interest which he voluntarily paid to the defendant in accordance with the terms agreed upon between him and the defendant. In the bill in this, the equity case, he seeks an accounting to determine the amount of usurious interest paid by him to the respondent on account of the same dealings and transactions set forth and alleged in the law action, and for a decree "in accordance with the determination of the amount of usurious interest charged and extorted from Petitioner in the whole sum of said interest, with costs and interest thereon from date of payment."

By his bill in equity petitioner clearly seeks to recover the same interest which he unsuccessfully sought to recover in the law action and seeks to avoid the bar to his right to maintain his bill in equity because his bill alleges additional facts and invokes certain statutes which he asserted in his law action had no application to the facts of the case.

The authorities already cited refute petitioner's theory of the effect of the new allegations in his bill in equity. *Haw. Com. & Sug. Co.* v. *Wailuku Sug. Co.*, 14 Haw. 50, the leading local case relied upon by petitioner, does not support his theory. Judge Cristy aptly differentiated that case from the case at bar as follows: "The language of Judge Frear in this latter case might be applied to the case at bar in that the 'ultimate matter' herein and in the law case was and is the *recovery of usurious interest voluntarily paid.* All grounds upon which such a recovery, in whatever amount, could be had are 'intermediate matters' which are conclusively presumed to have been litigated or waived where the parties are the same and the

subject matter (usurious interest under the same dealing, transactions and period of time) are the same."

The decree in each of the appeals under consideration sustaining the plea of *res judicata* and dismissing the bill is affirmed.

*P. Cass* (*Cass & Silver* on the briefs) for petitioner-appellant.

*J. R. Cades* (*Smith, Wild, Beebe & Cades* on the brief) for respondent-appellee Discount Corp., Ltd.

*C. N. Tavares* (*H. R. Hewitt & C. N. Tavares* on the brief) for respondent-appellee Honolulu Finance & Thrift Co.