WILLIAM GORO YOSHIDA AND LILLIAN KIM YOSHIDA *v.* JOSEPH F. NOBREGA, AS ADMINISTRATOR OF THE ESTATE OF JOHN F. NOBREGA, DECEASED.

NO. 2792.

Argued January 10, 1952.        Decided February 6, 1952.

Towse, C. J., Le Baron and Stainback, JJ.

OPINION OF THE COURT BY STAINBACK, J.

In 1947 plaintiffs purchased property from the defendant as administrator and received therefor a deed in which defendant recited his capacity as administrator of the estate and authority from the court to make the sale. Subsequently plaintiffs learned that title to the property was defective, that they had received only a two-fifths interest in the property purported to have been conveyed by the deed from defendant.

Thereupon, on the 19th day of January, 1949, plaintiffs filed a complaint (L. No. 19630) against the defendant alleging in substance the purchase by the plaintiffs from the defendant as administrator and the payment to him of the sum of $5,500; that the said deed purported to convey the entire interest in a certain parcel of land in Honolulu in its entirety but conveyed only a two-fifths interest therein, there still being outstanding in other persons a three-fifths right or interest in and to the aforesaid land, and that by reason of this plaintiffs suffered damages to the extent of the three-fifths interest in said property purported to be so conveyed, amounting to damages in the sum of $3,300. To this complaint the defendant demurred on the ground that the plaintiffs failed to state a cause of action and that there was no warranty clause in the deed. The demurrer was sustained by the trial judge on the ground that plaintiffs failed to state a cause of action and that there was no warranty clause in the deed upon which the action was based and that in a judicial sale the rule of *caveat emptor* applied. The court further pointed out that there were certain limitations to the doctrine of *caveat*

*emptor* as applied to judicial sales, among others, where there is fraud or misrepresentation practiced by the executor or administrator the rule does not apply.

The court then sustained the demurrer "without leave to amend."

Prior to entry of judgment in the first action a new suit was filed by the same plaintiffs against the same defendant. In addition to the allegations in the complaint of the first action as to qualifications of the defendant as administrator and the purported purchase of certain property from defendant where a three-fifths interest was outstanding in others, the allegation was made in the complaint of the second action that the defendant and his attorney were guilty of fraud and misrepresentation in inducing plaintiffs to purchase said property. To the complaint of the second action the defendant interposed a plea in bar alleging that the defendant had been sued by plaintiffs in the circuit court of the first judicial circuit in Law Number 19630; that defendant had interposed a general demurrer to said complaint, and that a decision on this general demurrer was made and filed in the circuit court of the first judicial circuit on the 29th day of September, 1949, sustaining the demurrer on the ground that the plaintiffs failed to state a cause of action, that the issues involved and the allegations contained in the complaint in the second action are substantially the same as in the first action, involve the same parties and the same deed, and that all matters and things involved in the first action and in this action have been fully settled by the plaintiffs and defendant herein by decision on demurrer in the first action; that by reason thereof the defendant alleges that the former proceedings and decision conclude plaintiffs in the complaint herein, and is a bar to said action herein.

The court sustained the plea in bar.

First, to examine the effect of a decision on general

demurrer. A general demurrer to a complaint admits that the facts stated in the declaration are true and submits to the court whether plaintiff is entitled to recover on the admitted facts. If the demurrer is sustained, the decision of the court is one of law only, namely, that on the facts stated in the declaration the plaintiff was not entitled to recovery; and if there is a judgment on the demurrer the only issue which has been finally determined between the parties is this one of law.

The cases state that for a judgment to be available as an estoppel it must be a judgment "upon the merits" but most of the cases signally fail in deciding what is a judgment on the merits as this term is used. Clearly, a judgment on the merits is not used in the moral or abstract sense of the words. The word "merits" may refer to the whole case of controversy between the parties or it may be restricted to the merits of some particular issue of law or fact.

As stated in *Dunseth* v. *Butte Electric Ry. Co.*, 41 Mont. 14, 108 Pac. 567: "Considerable confusion has arisen because of the fact that the expression 'upon the merits' has often been loosely or thoughtlessly employed. * * * A judgment against the plaintiff on the merits, in the broadest sense of the expression, determines that he has no cause of action against the defendant. In a more restricted sense, the words are sometimes used to indicate that he cannot recover in the particular form of action. * * * In the first instance he is permanently out of court; in the second, he may restate his case so as to disclose the cause of action that he has. * * *"

As both sides have cited the case of *Gould* v. *Evansville, etc. R. R. Co.*, 91 U. S. 526, we shall note what it has to say. "(1.) * * * a judgment rendered upon demurrer to the declaration * * * is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established

in the former case, as well as in the latter, by matter of record; and the rule is, that facts thus established can never after be contested between the same parties or those in privity with them. (2.) That if judgment is rendered for the defendant on demurrer to the declaration, * * * the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration; * * *

"Support to those propositions is found everywhere; but it is equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action. *Aurora City* v. *West,* 7 Wall. 90; *Gilman* v. *Rives,* 10 Pet. 298; *Richardson* v. *Barton,* 24 How. 188."

The case of *Spicer* v. *United States,* 5 Ct. Cl. 34, contains an elaborate historical discussion of the early decisions as to the extent to which demurrer is *res judicata.* After quoting Lord Coke that estoppels are "odious" and not favored by the law, the court continues: "With regard to estoppels from judgments on demurrer there is a singular silence in the modern books. It might even be inferred from the elementary works that with the relaxation of the rule of the 'ancient common law,' courts had gone to the extreme of holding that an estoppel arises only upon *verdict* where a fact actually controverted between the parties has been actually decided upon evidence; * * *" and again "that cases grouped under the general title of *res judicata* fall properly into two classes: 1st. Cases where the judgment has been rendered on the defendant's demurrer, where no

facts have been controverted and no evidence given; in such the judgment, if rendered on the merits, is a bar to any subsequent action on the same cause and for the same relief; but the specific facts admitted by the pleadings are not to be taken as facts controverted and established by evidence, and cannot be set up by way of estoppel in any different action where they may come in controversy. 2d. Cases where a controverted fact directly in issue has been judicially established upon evidence: in such the fact itself may be used in any subsequent action of a not higher nature, where it may be again in controversy." Again, it is stated: "* * * I am inclined to think that no case can be found, and certainly none in the federal courts, where a judgment rendered on demurrer, alleging the want of a material fact in the declaration, has been deemed a bar to a second action presented by a declaration wherein the material fact omitted from the first is sufficiently averred. The concurrent ruling of both the American and English courts seems to be that a judgment rendered for the want of a specific fact in the declaration is not a judgment upon the merits. A conclusive test I take this to be that where the declaration in the second suit, by reason of new averments, is not objectionable to the demurrer in the first, the issue is changed, and the latter suit is not *res judicata*."

Again, in the early case of *Gilman v. Rives,* 10 Pet. 298, 9 L. Ed. 432, Mr. Justice Story, whose opinions are always entitled to great weight, states as follows: "The objection may be urged that the judgment upon a general demurrer, in this case, will be a good bar to every future suit brought against the present defendant, upon the same debt, or against him and the other judgment-debtor. We are of a different opinion as to both, if the declaration be properly framed; for a judgment, that a declaration is bad in substance (which alone, and not matter of form, is the ground of a general demurrer), can never be pleaded as a bar to a

good declaration for the same cause of action. The judgment is, in no just sense, a judgment upon the merits."

Our own decisions follow the federal rule and hold that where a general demurrer is sustained it is no bar to a second suit where the new complaint alleges facts that render such complaint not objectionable to the demurrer filed in the first case. (*Hackfeld & Co.* v. *I.-I. S. N. Co.,* 22 Haw. 671.) Appellee claims this case has been overruled by *Carey* v. *Discount Corp.,* 37 Haw. 295, but we do not agree with this contention. Though the decision is somewhat ambiguous, the substance of the decision seems to be that under the Hawaiian law usurious interest voluntarily paid is not recoverable; where such has been the decision in a law action and plaintiff later filed an equitable action, the court held that this did not change the rule, that usurious interest voluntarily paid cannot be recovered regardless of the form of action.

There is much to be said for the proposition that where a general demurrer is sustained and no amendment is made or appeal taken, the same should be regarded as conclusive on the theory that plaintiff has acquiesced in the judgment, particularly if he had been given leave to amend but refused to do so. By failing or refusing to amend a party estops himself from claiming relief on the same matter which has been available to him by amending. (2 Freeman, *Judgments,* 5th ed., § 747, p. 1572.) However, the text points out that "* * * there are numerous decisions to the effect that a judgment sustaining a demurrer to a demurrable complaint cannot be successfully pleaded in bar to a subsequent action in which the complaint is perfect, though the plaintiff might, had he chosen to do so, have made the same allegations in the first action as in the second. Under this rule, where a material fact omitted from the first is supplied in the second action, the judgment is not a bar. * * *" (Freeman, *Judgments, supra.*) This seems to be

the better rule and is followed by our own territorial courts and the federal courts with certain exceptions.

Certainly there was no intent to acquiesce in the judgment in the first action as plaintiffs filed the second action before the judgment was actually entered in the first.

It is also interesting to note that there seems to be a distinction between personal actions and real actions. (*Northern Pacific Railway* v. *Slaght*, 205 U. S. 122, 133.) This type of case accounts for many of the decisions seemingly contrary to the federal and Hawaiian rule. A real action seems to be kind of a *quasi in rem* proceeding so far as the defendant is concerned.

In 1 Herman, *Estoppel and Res Judicata*, § 92, p. 92, it is stated: "* * * There is in this respect a distinction between personal actions and real. Although a party fails in a personal action in recovery judgment for a sum of money due by virtue of a certain obligation, this will not prevent a subsequent recovery of the same thing as due in a different manner. * * * On the contrary, in real actions, if the claim is for a piece of land which is claimed belongs to the plaintiff, and judgment is rendered against him, he is barred from maintaining another action for the same land, even if it is claimed under a different demand from the prior one. The reason of that distinction is that the same thing may be due in a personal action by virtue of different obligations, and there are as many different claims and as many actions against the debtor as there are many causes of obligation, which actions involve as many different questions, and a judgment in one decides nothing in regard to the others. * * * It is otherwise in regard to the right of property; although there may be several different claims for the same thing, there can be only one right of property in it; therefore, when a cause of action has resulted in favor of the defendant, when the plaintiff claims

the property of a certain thing there can be no other action maintained against the same party for the same property, for that would be to renew the question already decided, for the single question in litigation was whether the property belonged to the plaintiff or not; and it is of no importance that the plaintiff failed to set up all his rights upon which his cause of action could have been maintained; it is sufficient that it might have been litigated. * * *"

Let us examine the two complaints in the case before us and the decisions thereon in view of the law heretofore set forth.

In Law Number 19630 the trial judge decided that the doctrine of *caveat emptor* applied to judicial sales and that there were several limitations to this doctrine, one of which was fraud and misrepresentation practiced by the vendor. After stating that there were no allegations which would bring the plaintiffs' case within any of the exceptions enumerated, the trial judge concluded by saying "* * * it is elementary that fraud must be alleged and cannot be implied" and ordered that the demurrer be sustained "without leave to amend."

An examination of the second complaint, Law Number 20291, shows that additional facts were alleged, namely, that the defendant and his attorney were guilty of fraud and deceit which, if alleged, as the court had previously pointed out in Law Number 19630, would have presented a good cause of action. In other words, the present case is based on fraud and deceit and sounds in tort, not contract, as did Law Number 19630. Thus, a different question of law is presented. If we apply a test which is frequently used to determine whether a former judgment is *res judicata,* that is, whether the same evidence that would sustain the first suit would sustain the latter, or would different proof be required, obviously the judgment in the

first is not *res judicata* and a bar to the second. Different and additional proof is required where fraud and deceit were alleged.

Where a complaint is defective it would seem much the better practice to amend rather than to file a new suit. Yet in the present case the new suit may be understandable as the judge's decision sustained the demurrer "without leave to amend," a statement incomprehensible in view of the fact that the judge had just pointed out several exceptions to the rule of *caveat emptor* in judicial sales, any one of which if alleged would constitute a good cause of action. Such question was raised in *Gilmer* v. *Morris*, 46 Fed. 333. In that case a demurrer had been sustained in the state court which put the complainant out of court. A new suit was filed in the federal court and the plea of *res judicata* was interposed. Counsel for defendant argued plaintiff should have sought leave to amend his bill in the state court, to which the court replied: "Conceding now that he might have done so, yet was he obliged to do so, and did he not have the option to confess the demurrer, and state new matter by way of amendment, or bring a new suit, and state new matter which would avoid the demurrer? The allowance of amendments in pleading was certainly not intended to prevent a party from filing a new suit, if he deems that the better course. Wells, Res. Adj. § 440; *Shields* v. *Barrow,* 17 How. 144; *Marsh* v. *Masterton,* 101 N. Y. 406, 5 N. E. Rep. 59."

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*F. Schnack* (*H. C. Schnack* with him on the briefs) for plaintiffs-appellants.

*A. K. Trask* (also on the briefs) for defendant-appellee.